[No. B191125. Second Dist., Div. Two. Dec. 4, 2007.]

WASHINGTON MUTUAL BANK et al., Plaintiffs and Respondents, v.
ROBERT A. BLECHMAN et al., Defendants and Appellants.

## COUNSEL

Kent M. Bridwell for Defendant and Appellant Robert A. Blechman.

Michael N. Sofris, in pro. per., for Defendant and Appellant Michael N. Sofris.

Levinson Arshonsky & Kurtz, Richard I. Arshonsky and James S. Cooper for Plaintiffs and Respondents Washington Mutual Bank and California Reconveyance Company.

Law Office of Dirck J. Edge and Dirck J. Edge for Plaintiff and Respondent P.B. Reit, Inc.

Ezer & Williamson and Mitchel J. Ezer for Plaintiff and Respondent C.I.C., Inc., as Trustee, etc.

## OPINION

**DOI TODD, Acting P. J.**—Property owned by appellant Robert A. Blechman was sold through foreclosure by respondents Washington Mutual Bank (WAMU) and its trustee California Reconveyance Company (CRC) to respondent Gladmac, Inc., as trustee for the Lucile Trust UDT 9/6/02 (Gladmac). In a prior lawsuit, Blechman sued WAMU, CRC and Gladmac to set aside the trustee's sale. WAMU and CRC demurred to Blechman's complaint, but Blechman dismissed WAMU and CRC before the demurrer was heard, and proceeded by default against Gladmac. The default judgment declared the trustee's sale null and void and that Gladmac had the right to seek recovery of the purchase price from the sellers.

WAMU and CRC then filed the instant action seeking declaratory relief that the trustee's sale was valid and that they had no liability to any party. Gladmac cross-complained for declaratory relief that it had good, clear, marketable title to the property. The trial court found that WAMU and CRC were indispensable parties to the prior lawsuit and that the default judgment against Gladmac was therefore subject to collateral attack. The trial court found the trustee's sale was valid, that WAMU and CRC had no liability to any party, and that Gladmac had good title.

Blechman appeals and contends that the cross-complaint was an improper collateral attack on a final judgment and that Gladmac had no standing to pursue the cross-complaint against him. He further contends that a new trial is warranted on his claim against Gladmac for conversion of personal property. We hold that the seller and trustee are indispensable parties to a lawsuit which seeks to set aside a trustee's sale in foreclosure, and affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

*The Foreclosure and Prior Lawsuit*

The facts with respect to the foreclosure proceedings and prior lawsuit were established by stipulation. In May 1998, Blechman acquired title to residential property on Lucile Street, in Culver City, California (the property) that had been owned by his parents. In November 1999, he refinanced the existing loan on the property by borrowing $285,000 from WAMU. The promissory note was secured by a deed of trust executed by Blechman, as trustor, in favor of WAMU, as beneficiary, and CRC as trustee, recorded on November 24, 1999.

Blechman subsequently defaulted on his payment obligations to WAMU, and CRC recorded a notice of default and election to sell under the deed of trust on November 29, 2001. On March 7, 2002, CRC recorded a notice of trustee's sale, setting a sale date of April 3, 2002. CRC complied with all statutory requirements regarding publication of the notice of trustee's sale. The trustee's sale was postponed nine times due to Blechman's activities, including conveyances of title to third parties and bankruptcy filings. A trustee's sale was held on September 6, 2002, and the property was sold to Gladmac for $376,000. A trustee's deed upon sale was recorded on September 23, 2002, evidencing transfer of the property to Gladmac.

On November 15, 2002, Blechman filed a complaint against WAMU, CRC and Gladmac to set aside the trustee's sale, to quiet title, to cancel the trustee's deed upon sale, for an accounting and for fraud. On December 16, 2002, WAMU and CRC filed a demurrer to the complaint which was set for hearing on February 18, 2003. Gladmac failed to respond to the complaint and its default was entered on January 27, 2003. Then on February 10, 2003, Blechman voluntarily dismissed WAMU and CRC from the action.

A default judgment was entered against Gladmac on May 22, 2003, in which the court ruled that the trustee's sale was "null and void" and that the judgment would not limit Gladmac's right "to recover the money it paid for the Subject Property from the sellers." Gladmac's motion to set aside the default judgment was denied. Blechman subsequently recorded six deeds of trust encumbering the property in the amount of $480,000. On September 11, 2003, Blechman quitclaimed his entire interest in the property to his attorney, Michael N. Sofris, as trustee for the NYFD Memorial Lucile Trust UDT 9/11/03 (Sofris).

*The Instant Action*

On April 15, 2004, WAMU and CRC filed a complaint against Blechman, Sofris, Gladmac[1] and others for declaratory relief, seeking, among other things, a declaration that the trustee's sale was valid notwithstanding the default judgment in the prior action and that they had no liability to any party. Gladmac answered and filed a cross-complaint against Blechman, WAMU and CRC for declaratory relief, seeking a declaration that the trustee's sale complied with all applicable laws and conveyed good, clear and marketable title to Gladmac. Blechman and Sofris's demurrer to the cross-complaint on the ground that it was barred by the doctrine of res judicata was overruled. Blechman and Sofris filed a cross-complaint against WAMU, CRC, Gladmac and others for indemnity, apportionment of fault and declaratory relief. Blechman alleged an additional cause of action against Gladmac for conversion of personal property.

These claims proceeded to court trial. The court found that WAMU and CRC were indispensable parties to the prior action. The court also found that the trustee's sale was valid and that WAMU and CRC had no liability to any party. As to Gladmac's cross-complaint for declaratory relief, the court quieted title to the property in its favor. On Blechman's claim for conversion,

---

[1] By this point, C.I.C., Inc., had become the successor trustee of the Lucile Trust UDT 9/6/02, and was also named as a defendant. We shall refer to both trustees collectively as "Gladmac."

the court found that Gladmac, through its agent, had converted Blechman's personal property and awarded him $10,000. This appeal by Blechman and Sofris followed.[2]

## DISCUSSION

*Indispensable Parties*

■ The central issue in this case is whether WAMU and CRC were indispensable parties to the prior action. If so, the default judgment entered in their absence was not only ineffective against them, but subject to collateral attack.

■ A person is an indispensable party to litigation " 'if his or her rights must necessarily be affected by the judgment.' " (*Save Our Bay, Inc. v. San Diego Unified Port Dist.* (1996) 42 Cal.App.4th 686, 692 [49 Cal.Rptr.2d 847], quoting *County of Alameda v. State Bd. of Control* (1993) 14 Cal.App.4th 1096, 1105 [18 Cal.Rptr.2d 487].) Stated differently, "Where the plaintiff seeks some type of affirmative relief which, if granted, would injure or affect the interest of a third person not joined, that third person is an indispensable party." (*Sierra Club, Inc. v. California Coastal Com.* (1979) 95 Cal.App.3d 495, 501 [157 Cal.Rptr. 190].) These principles have been codified in Code of Civil Procedure section 389.[3] An " 'indispensable party is not bound by a judgment in an action in which he was not joined.' " (*Inland Counties Regional Center, Inc. v. Office of Administrative Hearings* (1987) 193

---

[2] Sofris did not file a separate opening brief on appeal, but instead adopted by reference Blechman's opening brief. Sofris did file a separate reply brief. We shall refer hereafter to both parties collectively as "appellants."

[3] Code of Civil Procedure section 389 provides in relevant part: "(a) A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. [¶] (b) If a person as described in paragraph (1) or (2) of subdivision (a) cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed without prejudice, the absent person being thus regarded as indispensable. The factors to be considered by the court include: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff or cross-complainant will have an adequate remedy if the action is dismissed for nonjoinder."

Cal.App.3d 700, 706 [238 Cal.Rptr. 422], quoting *Greif v. Dullea* (1944) 66 Cal.App.2d 986, 995 [153 P.2d 581].)

■ It takes little analysis or discussion to conclude that WAMU and CRC were indispensable parties to the prior action. In that proceeding, the trial court adjudged the trustee's sale of the property to be null and void. Clearly, WAMU and CRC, as the lender and the trustee, had a stake in the outcome of the proceedings to invalidate the trustee's sale on foreclosure. And although they had been dismissed by the plaintiff in response to their having filed a demurrer, the judgment purported to cancel their legal rights with respect to the sale. When a party seeks to set aside and vacate a trustee's sale in a foreclosure proceeding, there can be no doubt that the parties to the sale transaction are indispensable parties.

■ Appellants do not seriously dispute that WAMU and CRC were indispensable parties. They simply argue that it makes no difference because "it is too late for Gladmac to complain." According to appellants, Gladmac has no legal or equitable basis for seeking to overturn the prior final judgment against it. Appellants miss the point. The consequence of failing to join (or dismissing) an indispensable party is to invite an inconsistent judgment. As appellants concede, because WAMU and CRC were not bound by the default judgment, they had every right to seek affirmance of the trustee's sale, which would result in directly contradicting the default judgment. Indeed, the definition of an indispensable party includes one whose absence would "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." (Code Civ. Proc., § 389, subd. (a)(2)(ii); see also *Kraus v. Willow Park Public Golf Course* (1977) 73 Cal.App.3d 354, 367 [140 Cal.Rptr. 744] [" 'It is true that an adjudication between the parties before the court may on occasion adversely affect the absent person as a practical matter, or leave a party exposed to a later inconsistent recovery by the absent person' "]; *Save Our Bay, Inc. v. San Diego Unified Port Dist.*, *supra*, 42 Cal.App.4th at p. 693 ["a judgment in an action not naming an indispensable party . . . might well be inadequate because it is subject to later collateral attack by the nonjoined indispensable party"].) Because WAMU and CRC always maintained the right to obtain the relief granted to them in the instant action, the default judgment was essentially illusory. It was never legally or practically possible for Blechman to obtain nullification of the trustee's sale in the absence of WAMU and CRC, who were not bound by a default against only the buyer.

■    While appellants do "not take issue with the judgment in favor of WAMU and CRC insofar as it validated the Trustee's Sale *as to them*," they suggest that the prior default judgment should still be allowed to stand as to Gladmac. This position is, in a word, ludicrous. As WAMU and CRC note, "[f]rom a purely logical standpoint, it is theoretically impossible to overturn a lawfully conducted Trustee's Sale as to one party participant [the buyer] but not as to another [the seller], both of whom held interest in connection with the original sale." As a practical matter, what would a piecemeal foreclosure mean for the parties? Would Gladmac be precluded from seeking return of the purchase price even though the sale was invalidated as to it? What would be the disposition of the other liens recorded against the property? There is simply no merit to appellants' position.

*Capacity to Sue*

As an alternative argument, appellants argue that Gladmac lacked standing to pursue the cross-complaint in the instant action because its corporate powers had been revoked by the Nevada Secretary of State on October 1, 2004, for failure to file the annual list of officers and directors for the prior year and to pay the filing fee and penalty. Appellants raised this argument in their written closing argument and in their motion for a new trial. In denying the motion, the trial court found that appellants had "not demonstrated that this evidence is new evidence that could not with reasonable diligence have been presented at trial." Appellants contend this ruling was in error because a party's lack of standing is jurisdictional and may be raised for the first time on appeal.

■    Appellants have misconstrued the difference between *standing* to sue and *capacity* to sue. " 'There is a difference between the *capacity* to sue, which is the right to come into court, and the *standing* to sue, which is the right to relief in court.' " (*Color-Vue, Inc. v. Abrams* (1996) 44 Cal.App.4th 1599, 1604 [52 Cal.Rptr.2d 443].) "A plaintiff lacks standing to sue if, for example, it [is] not . . . a real party in interest." (*Id.* at p. 1604, fn. 4.) Incapacity, on the other hand, is merely a legal disability, such as minority or incompetency, that can be cured during the pendency of the litigation. (*Id.* at p. 1604.) "Suspension of corporate powers results in a lack of *capacity* to sue, not a lack of *standing* to sue." (*Id.* at pp. 1603–1604.) While standing is jurisdictional and the lack of standing may be raised at any time, incapacity is a plea in abatement that " 'must be raised by defendant at the earliest

opportunity or it is waived. . . . It is a technical objection and must be pleaded specifically.' " (*Id.* at p. 1604.)

Gladmac filed its cross-complaint in the instant action on June 15, 2004. Its corporate status was revoked on October 1, 2004. Appellants did not raise the issue until the conclusion of trial in June 2005 and did not seek leave to amend or supplement their pleadings to assert Gladmac's lack of capacity to sue or defend. Moreover, Gladmac was the original trustee of the Lucile Trust. On January 15, 2003, more than a year prior to the revocation of Gladmac's corporate powers, C.I.C., Inc., became the successor trustee. Appellants argue that C.I.C., Inc., was not properly installed as successor trustee under the terms of the trust instrument. Appellants concede that such evidence is not necessarily conclusive as to C.I.C., Inc.'s status or capacity to maintain the cross-action, but argue that they nevertheless should have been granted a new trial so that further proof could be presented.

There is no merit to appellants' alternative argument as to why the instant judgment should be overturned.

*Conversion Claim*

Blechman contends that he is entitled to a new trial against Gladmac on the issue of damages for conversion of personal property. He argues that his own estimate of the tangible property he lost when he was evicted from the property following the trustee's sale was significantly higher than the $10,000 awarded to him by the trial court. But Blechman cites no relevant legal authority and simply declares that "fairness" requires that he be given a new trial on the issue of damages. He claims that among the items taken from him by Gladmac's agent were important papers necessary to prove the value of his tangible property. But the trial court was well aware of Blechman's situation and found that he had "failed to present credible evidence to support the values that he attaches to the property" and that "[h]is testimony was *not credible*, nor did his friends' testimony lay any foundation for their opinions as to the value of his property." (Italics added.) "We do not second-guess the court's credibility calls or reweigh the evidence." (*In re Merrick V.* (2004) 122 Cal.App.4th 235, 254 [19 Cal.Rptr.3d 490].) We find no basis for ordering a new trial on the amount of damages.

## DISPOSITION

The judgment is affirmed. Respondents to recover their costs on appeal.

Ashmann-Gerst, J., and Chavez, J., concurred.

A petition for a rehearing was denied January 2, 2008, and appellant's petition for review by the Supreme Court was denied March 19, 2008, S159945.