Catalina L. **MAGDALENO**, Plaintiffs,

v.

**INDYMAC BANCORP, INC.**, dba Indymac Bank, FSB; Onewest Bank, FSB; Mortgage Electronic Registration Systems, Inc.; NDEX West, L.L.C., and Does 1–250 inclusive, Defendants.

Civ No. S–10–2148 FCD/KJN.

United States District Court, E.D. California.

Jan. 31, 2011.

Breyon Jahmai Davis, The Law Offices of Breyon J. Davis, Sacramento, CA, for Plaintiffs.

Masumi Patel, Barrett Daffin Frappier Treder & Weiss LLP, Diamond Bar, CA, Christopher Hart Doyle, Michael John Hassen, Jeffer Mangels Butler & Mitchell LLP, San Francisco, CA, for Defendants.

## MEMORANDUM AND ORDER

FRANK C. DAMRELL, JR., District Judge.

This matter is before the court on the motion of OneWest Bank, FSB ("OneWest") and Mortgage Electronic Registration System, Inc ("MERS") (collectively, "defendants") to dismiss plaintiff's first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). OneWest and MERS alternatively move for a more definitive statement pursuant to FRCP 12(e).[1] Plaintiff Catali-na Magdaleno ("plaintiff") opposes the motions. For the reasons set forth below, defendants' motion to dismiss is GRANTED with leave to amend, in part.[2]

## BACKGROUND

In May 2009, plaintiff brought this action in state court against OneWest, MERS, NDEX West, LLC ("NDEX")[3] and Indymac Federal Bank, FSB ("Indymac") for conduct arising out of a loan and subsequent foreclosure activity. (FAC, filed May 28, 2009, ¶¶ 1–21.). In August 2010, The Federal Deposit Insurance Corporation ("FDIC") removed the state court action to this court pursuant to 28 U.S.C. 1441(b). (FDIC's Not. of Removal, filed Oct. 5, 2010 [Docket # 1].)

Plaintiff alleges that in 2005, she applied for two loans with IndyMac as the lender and MERS as the nominee beneficiary. (Id. ¶ 9.) Plaintiff secured the loans based on a thirty-year adjustable interest rate at 1.000% APR with a maximum cap of 9.950%. (Id.) Plaintiff alleges that the written contract does not reflect the true intent of the parties; instead, plaintiff asserts that IndyMac's broker, "Kevin" of Anchor Financial, "represented to plaintiff that she would receive a fixed, thirty-year 1% interest rate." (Id. ¶ 10.)

On July 11, 2008, the Office of Thrift Supervision placed IndyMac Bank into receivership and a new bank, Indymac, was created under the conservatorship of the FDIC[4]. (Defs.' Mot. to Dismiss ["MTD"],

---

1. Because the court grants defendants' motion to dismiss under FRCP 12(b)(6), it does not reach defendants' motion under FRCP 12(e). Said motion is denied as moot.

2. Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

3. The parties stipulated to the non-monetary status of defendant NDEX. (Stipulation of Non–Monetary Status, filed Oct. 5, 2010

[Docket # 6].) "NDEX West, LLC had no involvement in the origination or servicing of the subject mortgage and has been joined as a defendant ... solely for the purpose of having all necessary parties before the court." (Id. at 2:8–12.) The parties agreed that based on NDEX's limited role, NDEX will not be liable to plaintiff for any monetary damages.

4. While the FDIC appropriately filed a notice of removal pursuant to 28 U.S.C. 1441(b), it has yet to file an answer in this matter and is not a moving party on this motion.

filed Oct 14, 2010, 2009 [Docket # 7], at 8:12–15; FDIC's Not. of Removal at 1:22–2:9.). On March 19, 2009, FDIC transferred the loans to OneWest as successor in interest to Indymac. (MTD at 8:15–16.)

Plaintiff defaulted on the loans in or around April 2007 because of her alleged "lack of income and confusing terms of her loan." (FAC ¶ 12.) MERS subsequently appointed NDEX as trustee. (FAC ¶ 19.) On September 18, 2008, NDEX caused a Notice of Default to be filed. (FAC ¶ 13; Defs.' Req. for Judicial Notice ["RJN"], filed Oct. 14, 2010 [Docket # 7], Ex. 4.) Plaintiff contends that NDEX did not have the authority to file the notice because NDEX, allegedly, "was not a trustee, beneficiary or authorized agent under the Deed of Trust per Civil Code Section 2924." (*Id.*) Plaintiff further contends that Indymac and One West, as successor in interest, engaged in misconduct by misrepresenting the terms of the loan. (FAC ¶¶ 27–30.)

Plaintiff filed the present action on May 28, 2009, alleging claims for (1) wrongful foreclosure in violation of California Civil Code § 2924; (2) fraudulent misrepresentation; (3) fraudulent concealment; (4) reformation, California Civil Code §§ 3399, 1670.5; (5) violation of California Business & Professions Code § 17200 *et seq.;* and (6) violation of California Civil Code § 1632.

## STANDARD

Under Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167

L.Ed.2d 929 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn,* 373 U.S. 746, 753 n. 6, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963). A plaintiff need not allege " 'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949.

Nevertheless, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose,* 788 F.2d 638, 643 n. 2 (9th Cir.1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955; *Iqbal,* 129 S.Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the

plaintiff "can prove facts which it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

Ultimately, the court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). Only where a plaintiff has failed to "nudge [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 1952. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. Of Mary Hospital*, 844 F.2d 646, 649 (9th Cir.1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F.Supp.2d 1035, 1042 (C.D.Cal.1998).

### ANALYSIS

#### A. Defendants' Exhibits

■ In ruling upon a motion to dismiss, the court may consider matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See id.* "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). "The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.* The policy concern underlying the rule is to prevent plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.1998).

■ Plaintiff's complaint alleges several claims that are premised on defendants' alleged failure to provide certain required disclosures concerning the terms of the loans. Defendants submit several documents relevant to the terms of the loans: the Deed of Trust; the assignment of deed of trust recorded December 18, 2008; the second assignment of deed of trust, recorded June 17, 2009; the notice of default; and the Master Purchase Agreement between the FDIC and OneWest.[5] As these documents form the bases of certain of plaintiff's claims, the court considers them and assumes that the contents are true for the purpose of the motion.

#### B. Defendants' General Theories in Favor of Dismissal

Preliminarily, defendants move to dismiss plaintiff's FAC for three general and alternative reasons: (1) plaintiff failed to join an indispensable party, thus requiring dismissal of her complaint in its entirety; (2) plaintiff failed to exhaust administrative remedies as required by 12 U.S.C. § 1821(d)(5)-(14), and thus, her complaint as a whole cannot stand; and (3) plaintiff

---

**5.** As an exhibit to her opposition, plaintiff attached a copy of the qualified written request she sent to OneWest, but she did not request judicial notice of the document. The court disregards the document as it is irrelevant to the disposition of the motion.

failed to allege the ability to tender the amount of indebtedness, and thus, her claims are not cognizable. For the reasons set forth below, none of these contentions supply a basis for the complete dismissal of the complaint.

### 1. Failure to Join an Indispensable Party

Defendants contend that plaintiff's failure to join the current note holder and beneficiary of the deed, U.S. Bank, is fatal to the entire complaint. (MTD at 6:14–7:1.) This argument is unavailing for two reasons: (1) failure to join indispensable parties is governed by the Federal Rules of Civil Procedure, not state law and (2) the California appellate decision defendants exclusively rely upon is inapposite.

■ Joinder of parties in federal courts is strictly a matter of procedure governed by the Federal Rules of Civil Procedure. *See* 35A C.J.S. *Federal Civil Procedure* § 136 (2010); Fed. Rs. Civ. P. 18–20. FRCP 19 specifically governs the joinder of indispensable parties. Thus, defendants' citation to and reliance on *California case law* as a basis to dismiss the complaint is wholly without merit.

Defendants cite *Washington Mutual Bank v. Blechman,* 157 Cal.App.4th 662, 69 Cal.Rptr.3d 87 (2007) for their contention that the FAC must be dismissed for failure to join U.S. Bank. Simply stated, because it addresses state law, *Blechman* is inapposite. It also does not stand for the proposition defendants assert. While the court in *Blechman* held that the note holder and beneficiary of the deed are indispensable parties, it did not find that the failure to join them in the action required dismissal of the complaint. In-

stead, the court held that the failure to join these parties voids the sale, rendering any default judgment against the lender and trustee subject to collateral attack. *Id.* at 669, 69 Cal.Rptr.3d 87.

Ultimately, because federal law controls the issue of joinder, the complaint in this case is not subject to dismissal for a failure to join U.S. Bank.

### 2. Failure to File a Claim Pursuant to 12 U.S.C. § 1821

■ Defendants contend that the Financial Institutions Reform and Recovery Enforcement Act divests this court of subject matter jurisdiction to hear plaintiff's claims against OneWest and MERS. (MTD at 8:5–9:10.) Specifically, defendants argue that since the FDIC assumed receivership of IndyMac, 12 U.S.C. § 1821(d)(6)(B) bars plaintiff's claim for a failure to timely file her claim with the FDIC. A close reading of the statute reveals, however, that defendants' argument is without merit.

Defendants rely on Section 1821(d)(6)(A)(i) which only applies to a "depository institution for which the [FDIC] has been appointed receiver." 12 U.S.C. § 1821(d)(6)(A)(i), (d)(13)(D)(i). Since the FDIC has not been appointed receiver of either OneWest or MERS, Section 1821 is inapplicable and does not preclude this court's jurisdiction over claims against either OneWest or MERS.

This case is factually similar to *Rosa v. Resolution Trust Corporation,* 938 F.2d 383 (3rd Cir.1991). In *Rosa,* the plaintiff filed claims against three depository institutions, two of which the Resolution Trust Company[6] had assumed receivership and

---

6. The Resolution Trust Company is the equivalent of the FDIC for purposes of the statute. See 12 U.S.C. § 1441(a)(b)(1)(B) ("The Resolution Trust Company, when it is acting as a conservator or receiver of an insured deposi-

tory institution, shall be deemed to be an agency of the United States to the same extent as the [FDIC] when it is acting as a conservator or receiver of an insured depository institution.")

one which it had not. *Id.* at 388–90. The Third Circuit held that because the Resolution Trust Company assumed receivership of the first two institutions, the statute stripped the court of subject matter jurisdiction; because the same was not true for the third institution, the statute was inapplicable, and the court could hear that claim. *Id.* at 392–93. Similarly, here, when the case came before this court, the FDIC had not assumed receivership of either OneWest or MERS, and thus, the statute is inapplicable to plaintiff's claims against either entity and does not divest this court of subject matter jurisdiction.

### 3. Plaintiff's Failure to Allege the Ability to Tender

 Defendants argue the FAC should be dismissed because plaintiff "failed to plead that she tendered the undisputed amount."[7] (MTD at 5:17–6:13.) "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. American Sav. & Loan Assn.,* 15 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971). The overwhelming majority of California district courts utilize the *Karlsen* rationale in examining wrongful foreclosure claims. *Anaya v. Advisors Lending Group,* 2009 WL 2424037, *10, 2009 U.S. Dist. LEXIS 68373, *25 (E.D.Cal. August 3, 2009) ("Plaintiff offers nothing to indicate that she is able to tender her debt to warrant disruption of non-judicial foreclosure"); *Alicea v. GE Money Bank,* 2009 WL 2136969, *3, 2009 U.S. Dist. LEXIS 60813, *7–8 (N.D.Cal. July 16, 2009) ("When a debtor is in default of a home mortgage loan, and a foreclosure is either pending or has taken place, the debtor must allege a credible tender of the amount of the secured debt

to maintain any cause of action for wrongful foreclosure."); *Montoya v. Countrywide Bank,* 2009 WL 1813973, *11, 2009 U.S. Dist. LEXIS 53920, *32 (N.D.Cal. June 25, 2009) ("Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt"). The application of the "tender rule" prevents "a court from uselessly setting aside a foreclosure sale on a technical ground when the party making the challenge has not established his ability to purchase the property." *Williams v. Countrywide Home Loans,* 1999 WL 740375, *2, 1999 U.S. Dist. LEXIS 14550, *5–6 (N.D.Cal. Sept. 15, 1999).

In her opposition, plaintiff alleges that tender is not necessary in this instance because defendants failed to comply with the requirements set forth in California Civil Code § 2923.5. (Opp'n, filed Dec. 30, 2010 [Docket # 12], at 5:21–6:16.) However, plaintiff did not plead this statutory violation in the FAC; plaintiff only alleged violation of Section 2924. (*See* MTD at 2:15–21.)

 Section 2923.5 requires a "mortgagee, beneficiary or authorized agent [to] contact the borrower … to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ.Code § 2923.5(a)(2) (West 2010). The statute further requires that the notice of default include a "declaration that the mortgagee, beneficiary or authorized agent has contacted the borrower" pursuant to subdivision (a)(2). *Id.* § (b). Section 2923.5 may be enforced by a private right of action. *Mabry v. Superior Court,* 185 Cal.App.4th 208, 214, 110 Cal.

7. The analysis of plaintiff's failure to allege tender is equally applicable to plaintiff's claim for wrongful foreclosure.

Rptr.3d 201 (2010). The remedy for violation of the statute is postponement of the impending foreclosure to permit the foreclosing party to comply with the requirements of Section 2923.5. *Id.* Tender of the full amount of indebtedness is not a prerequisite to bringing a claim under section 2923.5. *Id.*

Plaintiff's opposition contains sufficient facts to allege a violation of Section 2923.5(a)(2). Plaintiff asserts defendants never contacted her to assess her financial situation pursuant to the statutory requirement. (Opp'n at 3:23–4:14.) Moreover, the Notice of Default fails to comply with subdivision (b) of Section 2923.5. (RJN at Ex. 4.) Thus, plaintiff can state facts to allege a violation of Section 2923.5, regardless of whether she can plead the ability to tender the full amount of the indebtedness.

Accordingly, since plaintiff failed to plead a violation of California Civil Code § 2923.5 in the FAC, defendants' motion to dismiss for failure to allege the ability to tender is GRANTED with leave to amend to assert a violation of Section 2923.5.

## C. Plaintiff's Claim For Wrongful Foreclosure

Plaintiff's FAC conclusorily alleges wrongful foreclosure for failure to comply with California Civil Code § 2924. (FAC ¶ 18.) Plaintiff's legal conclusions rest on two theories: (1) "[e]very action made by MERS [on] behalf of defendants is null and void and all initiation of foreclosure must be rescinded" (Opp'n at 6:24–25); and (2) "NDEX lacked authority [to foreclose] since they were not appointed until 3 months after the recording of the [Notice of Default], thereby voiding the recording of the [Notice of Default]" (*Id.* at 7:8–9). For the following reasons, neither of plaintiff's contentions allege a claim for wrongful foreclosure.

### 1. The Appointment of NDEX by MERS was Proper

 Plaintiff contends that the appointment of NDEX by MERS was improper because MERS could not have a "beneficial interest" in both the Deed of Trust and the Note. (Opp'n at 5:21–6:16.) However, plaintiff cites no authority for her legal conclusion. Indeed, plaintiff's legal assertion is belied by the allegations in her own complaint, wherein she alleges: MERS "is the beneficiary under the deeds of trust to the Subject Property." (FAC ¶ 5.)

As the nominee beneficiary, MERS has the authority to conduct the foreclosure process. *Morgera v. Countrywide Home Loans Inc.,* 2010 WL 160348, *8, 2010 U.S. Dist. LEXIS 2037, *21 (E.D.Cal. Jan. 11, 2010) ("[a]s for Plaintiff's argument that MERS lacked standing to proceed with its non-judicial foreclosure, it too lacks merit.") In *Morgera,* this court explained that "[u]nder the mortgage contract, MERS has the legal right to foreclose on the debtor's property. The fact that MERS ... lacked a beneficial interest in the note that was secured by the mortgage does not deprive MERS of standing to enforce the note and foreclose the mortgage." *Id.* at *8, 2010 U.S. Dist. LEXIS 2037, at *22. Similarly, the fact that MERS did not have a beneficial interest in the Note itself did not preclude it from appointing NDEX as trustee, as plaintiff contends. *Id.*

### 2. The Substitution of NDEX as Trustee was Proper

 Plaintiff contends that the Notice of Default was invalid because it was recorded three months before the Substitution of NDEX as Trustee. (Pl.'s Opp'n 7:8–9.) California Civil Code § 2934a(b) permits recordation of the substitution of trustee after a notice of default has been recorded, provided that recordation occurs

prior to the notice of sale. As alleged in the complaint, this is what transpired in this case. (FAC ¶ 19.) Therefore, plaintiff's claim for wrongful foreclosure based on untimely substitution of NDEX as trustee fails.

Accordingly, defendants' motion to dismiss plaintiff's first claim for relief is GRANTED with leave to amend solely as to the issue of defendants' alleged violation of California Civil Code § 2923.5.[8]

## D. Fraud

■■■■ Plaintiff's second and third claims for relief allege that MERS' and OneWest's conduct during and after the loan transaction constituted fraud. (FAC ¶¶ 22–42.) "Under California law, 'the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1105 (9th Cir.2003) (quoting *Hackethal v. Nat'l Cas. Co.,* 189 Cal.App.3d 1102, 1111, 234 Cal. Rptr. 853 (1987)). To bring a fraud claim, the plaintiff must satisfy FRCP 9(b)'s heightened pleading requirements. This means that plaintiff "must state with particularity the circumstances constituting fraud," including "the who, what, when, where, and how" of the fraud. *Id.* (citations omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. GlenFed, Inc.,* 42 F.3d 1541, 1548 (9th Cir.1994). Furthermore, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v.*

*KPMG LLP,* 476 F.3d 756, 765–66 (9th Cir.2007). The purpose of FRCP 9(b) is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations. *Concha v. London,* 62 F.3d 1493, 1502 (9th Cir.1995).

■■■ When asserting a fraud claim against a corporation, "the plaintiff's burden ... is even greater.... The plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" *Lazar v. Superior Court,* 12 Cal.4th 631, 645, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996) (quoting *Tarmann v. State Farm Mut. Auto. Ins. Co.,* 2 Cal.App.4th 153, 157, 2 Cal. Rptr.2d 861 (1991)); *see also e.g. Mohammad Akhavein v. Argent Mortgage Co.,* 2009 WL 2157522, *4, 2009 U.S. Dist. LEXIS 61796, *10 (N.D.Cal. July 17, 2009); *Spencer v. DHI Mortgage Co.,* 642 F.Supp.2d 1153, 1164 (E.D.Cal.2009).

### 1. Fraud Against MERS

■■■ Plaintiff fails to allege sufficient facts to support a fraud claim against MERS. Plaintiff alleges that MERS' conduct was fraudulent simply because it "does not own the loans; rather they [sic] are acting as a 'nominee' for whoever might not say that it owns the loan at any given time." (FAC ¶ 25.) As described above, MERS' conduct throughout the foreclosure process was proper. The fact that MERS does not own the loans does not constitute a misrepresentation. Without any allegations in the complaint specifying the misrepresentations that MERS made or identifying the name of a MERS'

---

**8.** *See* section B.3. for the basis for granting leave to amend plaintiff's claim for wrongful

foreclosure.

representative who allegedly made the fraudulent representations, plaintiff's fraud claim against MERS cannot survive a motion to dismiss.

### 2. Fraud Against OneWest

■ Plaintiff fails to allege any facts to support a fraud claim against OneWest. Plaintiff conclusorily alleges that "ONEWEST through INDYMAC ... had a duty to represent accurately, truthfully, and completely disclose all the information that plaintiff relied upon in performing their [sic] investigation, ..." (FAC ¶ 27.) Without any allegations in the complaint specifying the false misrepresentations that OneWest made or identifying the name of a OneWest employee who allegedly made the fraudulent representations, plaintiff's fraud claim against OneWest likewise cannot survive a motion to dismiss.

### 3. Leave to Amend

■ Plaintiff "acknowledges her Fraud allegations lack sufficient particularity ... but requests ... that [she be] granted leave to amend should such proof arise at a later date." (Opp'n at 8:5–7.) Because plaintiff concedes she cannot *now* show how either OneWest or MERS had any involvement in the origination of the contract, her fraud claim must be dismissed; she has failed to allege "enough facts to state a claim to relief that is plausible on its face," and accordingly, her claim cannot stand and must be dismissed without leave to amend. *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). Defendants' motion to dismiss plaintiff's second and third claims is GRANTED with prejudice.

### E. Plaintiff's Claim for Reformation

Plaintiff's fourth claim alleges that the contract should be reformed pursuant to

California Civil Code § 3399 to reflect the alleged oral promises made by the mortgage broker during the origination of the loan. (FAC ¶ 44.) Plaintiff alleges that the broker made oral promises that do not reflect the true intentions of the parties; specifically, that plaintiff would receive a fixed, thirty-year one-percent interest rate.[9] (FAC ¶ 45–46.)

Defendants argue that since OneWest did not negotiate the terms of the loan, the statute does not require OneWest to reform the contract. (MTD at 13:13–16.) In her opposition, plaintiff relies on a theory of promissory estoppel—that plaintiff's reliance on the oral promises the broker made formed an oral contract. (Opp'n at 8:19–915.) Plaintiff asserts, without citing to any authority, that "ONEWEST is responsible for the oral representations made [by] INDYMAC at the time of the loan origination...." (*Id.* at 8:13–14.)

■ California Civil Code § 3399 permits reformation of a contract when, through "mistake of one party, which the other party at the time knew or suspected, the contract does not truly reflect the intention of the parties, ..." *Id.* However, the federal common law *"D'Oench Duhme* doctrine," and its statutory counterpart, preclude reformation of a written instrument to reflect oral representations not reduced to writing whenever the FDIC has assumed receivership of the assets in question. *D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp.,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942); 12 U.S.C. § 1823(e). The doctrine and its subsequent codification reflect the FDIC's need:

> to swiftly evaluate the assets and liabilities of a failed bank in order to choose between liquidation and purchase and

---

9. The actual Deed of Trust contained a 30–year adjustable interest rate loan at 1.000% APR with a maximum cap of 9.950%. (FAC ¶ 9.)

assumption ... which involves selling the failed bank assets to another bank ... to limit losses to the insurance fund and to maintain public confidence in the banking system.

Lee Black, Annotation, *Reformation of Instruments Under the D'Oench, Duhme Doctrine and 12 U.S.C.A. § 1823(e)*, 137 A.L.R.Fed. 313 (1997).

The doctrine and its statutory counterpart apply equally to successors in interest, like OneWest, that purchase assets which FDIC has assumed receivership. *See e.g. Webb v. Superior Court*, 225 Cal. App.3d 990, 1001, 275 Cal.Rptr. 581 (1990) (holding that *D'Oench Duhme* doctrine barred borrower's claim against the defendant "bridge bank," successor in interest to the note received from the failed institution by Federal Savings and Loan Insurance Corporation); *See also Victor Hotel Corp. v. FCA Mortg. Corp.*, 928 F.2d 1077, 1078 (11th Cir.1991) (holding that *D'Oench Duhme* extended to protect subsidiary of failed institution); *FSLIC v. Murray*, 853 F.2d 1251, 1256 (5th Cir.1988) (explaining that assignees of the FDIC also enjoy protection from claims or defenses based upon unrecorded agreements); *FDIC v. Newhart*, 892 F.2d 47, 48 (8th Cir.1989) ("assertion of defenses based on oral agreements with the failed bank is transferred to a subsequent purchaser of the note from the FDIC").

■ In this case, as alleged in the complaint, the FDIC evaluated the loan and sold it based on the terms in the written instrument between plaintiff and IndyMac. The *D'Oench Duhme* doctrine precludes reformation based on the oral representations the broker allegedly made in order to ensure that the FDIC's evaluation of plaintiff's loan was accurate. Accordingly, since OneWest, as successor in interest to the assets which FDIC assumed receivership, had no involvement in the origination of the loan, and the alleged oral agreement was not reduced to writing, the *D'Oench Duhme* doctrine and its statutory counterpart, preclude reformation in this instance. 12 U.S.C. § 1821(e)(1)(A).

Accordingly, defendants' motion to dismiss plaintiff's fourth claim for relief is GRANTED without leave to amend.

## F. Violation of Civil Code § 1632

Plaintiff's sixth claim for relief is based on violation of California Civil Code § 1632. Section 1632 provides that when certain types of contracts are negotiated in certain languages other than English, the offeror must provide the offeree a translated copy of the contract prior to execution. Cal. Civ.Code § 1632(b) (West 2010). Defendants contend that plaintiff cannot state a claim under the statute because it excludes loans secured by real property. (MTD at 15:20–22.) Defendants further contend that since the only remedy under Section 1632 is rescission and restitution, plaintiff's failure to tender is fatal to this claim. (Reply, filed Jan. 7, 2010 [Docket # 15], at 8:14–19.) Plaintiff concedes that Section 1632 excludes loans secured by real property, but contends the statute requires translation when the transaction involves a broker. (Opp'n at 10:25–11:17.)

■ Plaintiff's complaint fails to state sufficient facts to constitute a violation of Section 1632 for two reasons: (1) the complaint fails to state that she negotiated with the broker primarily in Spanish and (2) plaintiff's failure to plead the ability to tender precludes the only remedy available under the statute. Section 1632 requires "a translation of the contract or agreement in the language in which the contract or agreement was negotiated." Cal. Civ. Code § 1632(a)(b) (West 2010). Here, plaintiff cannot allege a claim for violation of Section 1632 because she does not allege that she negotiated the contract with the broker in Spanish. (FAC ¶¶ 68–73.) Ad-

ditionally, restitution is a prerequisite to the only remedy available under the statute, which would require plaintiff to tender the full amount of the indebtedness. Cal. Civ. Code 1632(k) (West 2010). As set forth above, because plaintiff has failed to plead the ability to tender the full amount of indebtedness, rescission is precluded. *Karlsen,* 15 Cal.App.3d at 117, 92 Cal. Rptr. 851 ("A valid and viable tender of payment of the indebtedness is essential to an action to cancel a voidable sale under a deed of trust."). Thus, plaintiff has failed to state a cognizable violation of Section 1632. Defendants' motion to dismiss plaintiff's sixth claim for relief is GRANTED with leave to amend.

### G. Violation Of California Business & Professions Code § 17200

Plaintiff's fifth claim for relief asserts that defendants violated Section 17200 of the California Business & Professions Code by engaging in unlawful, unfair, and fraudulent business practices. (FAC ¶ 55.) Defendants argue, *inter alia,* that plaintiff fails to state a claim since she relies upon conclusory assertions of unlawful, unfair, and fraudulent business practices and bases her claim upon the foregoing violations, which fail to state a claim.

 California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, *et seq.,* forbids acts of unfair competition, which includes "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "The UCL is broad in scope, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." *People ex rel. Gallegos v. Pacific Lumber Co.,* 158 Cal.App.4th 950, 959, 70 Cal. Rptr.3d 501 (2008) (internal citations omitted). Section 17200 " 'borrows' violations of other laws and treats" them as unlawful business practices "independently action-

able under section 17200." *Farmers Ins. Exch. v. Superior Court,* 2 Cal.4th 377, 383, 6 Cal.Rptr.2d 487, 826 P.2d 730 (1992). "Violation of almost any federal, state, or local law may serve as the basis for a[n] [unfair competition] claim." *Plascencia v. Lending 1st Mortg.,* 583 F.Supp.2d 1090, 1098 (N.D.Cal.2008) (citing *Saunders v. Superior Court,* 27 Cal.App.4th 832, 838–39, 33 Cal.Rptr.2d 438 (1994)); *see Hauk v. JP Morgan Chase Bank United States,* 552 F.3d 1114 (9th Cir.2009) ("California's UCL has a broad scope that allows for 'violations of other laws to be treated as unfair competition that is independently actionable' while also 'sweep[ing] within its scope acts and practices not specifically proscribed by any other law.' ")

 Because plaintiff's UCL claim against defendants is predicated on facts supporting her other claims, all of which the court has dismissed, defendants' motion to dismiss plaintiff's fifth claim for relief for violations of Section 17200 is GRANTED. Plaintiff, however, is permitted leave to amend this claim consistent with the court's order on her other claims set forth above.

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's FAC is GRANTED with leave to amend as follows:

1. Defendants' motion to dismiss plaintiff's first claim for relief for wrongful foreclosure is GRANTED with leave to amend.

2. Defendants' motion to dismiss plaintiff's second claim for relief for fraudulent misrepresentation is GRANTED without leave to amend.

3. Defendants' motion to dismiss plaintiff's third claim for relief for fraud-

ulent concealment is GRANTED without leave to amend.

4. Defendants' motion to dismiss plaintiff's fourth claim for relief for reformation is GRANTED without leave to amend.

5. Defendants' motion to dismiss plaintiff's fifth claim for relief for violation of California Business & Profession Code § 17200, *et seq* is GRANTED with leave to amend concerning any claim for violation of California Civil Code § 2923.5 or § 1632.

6. Defendants' motion to dismiss plaintiff's sixth claim for relief for violation of California Civil Code § 1632 is GRANTED with leave to amend.

Plaintiff is granted fifteen (15) days from the date of this order to file an amended complaint in accordance with this order. Defendants are granted thirty (30) days from the date of service of plaintiffs' second amended complaint to file a response thereto.

IT IS SO ORDERED.