Filed 9/30/15  Ilyin v. NDEx West CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| ALEX K. ILYIN et al., | C072170 |
| Plaintiffs and Appellants, | (Super. Ct. No. 39-2011-00268103-CU-OR-STK) |
| v. | |
| NDEX WEST, LLC, | |
| Defendant and Respondent. | |

Plaintiffs Alex and Samira Ilyin, who lost their home in foreclosure proceedings, appeal the judgment of dismissal after the trial court sustained the demurrer without leave to amend of defendant NDEx West, LLC (NDEx), the agent for Wells Fargo Bank, N.A. (Wells Fargo) and the trustee under plaintiffs' deed of trust.  Plaintiffs' complaint alleged that for various reasons Wells Fargo had no legal interest in the deed of trust and could not legally foreclose.

Plaintiffs alleged several causes of action which sounded in fraud or required fraudulent conduct.  We shall conclude that the trial court correctly found that plaintiffs lost their house to foreclosure because they did not make their payments, not because of

1

any alleged insufficiency in Wells Fargo's interest in the deed of trust. Consequently, plaintiffs could not allege that their damages were caused by their reliance on NDEx's misrepresentations, defeating any claim of fraud. We shall however, allow plaintiffs to amend their cause of action for wrongful foreclosure to allege that they were damaged because NDEx refused to accept their timely tendered payment of all amounts necessary to cure the default.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs purchased a home in Tracy, California in 1993, borrowing $193,450 for the purchase. Plaintiffs refinanced their home in 2001, and took out a separate line of credit using the home as security. Plaintiffs refinanced their home again in 2002, and took out another line of credit using the home as security. They refinanced again in 2003. It is this 2003 loan that is the subject of this action. In 2004 plaintiffs obtained another line of credit using their home as security. They obtained yet another line of credit using their home as security in 2005.

The 2003 loan was from Washington Mutual Bank, F.A., and was in the amount of $229,000. In 2007, Washington Mutual assigned the mortgage to Wells Fargo. On January 18, 2011, NDEx, acting as the agent for Wells Fargo (the beneficiary under the deed of trust), recorded a notice of default and election to sell under the deed of trust. On February 28, 2011, Wells Fargo recorded a substitution of trustee, substituting NDEx as the trustee under plaintiffs' deed of trust. On April 15, 2011, NDEx recorded a notice of trustee's sale, setting a sale date of May 12, 2011. A trustee's deed upon sale was recorded on August 24, 2011, conveying the property to REO A&D, LLC (REO).

Plaintiffs filed this action against Wells Fargo and NDEx, stating causes of action for fraud, constructive fraud, negligent misrepresentation, violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.; as to Wells Fargo only), violation of

2

Business and Professions Code section 17200, wrongful foreclosure, and tortious recordation of forged instruments.[1]

The allegations that are the basis for plaintiffs' claims are that: (1) Washington Mutual divested itself of any interest in the note prior to the assignment to Wells Fargo when it sold or acquiesced in possession of the note by the Federal National Mortgage Association (FNMA), who funded or table funded the original note[2] with the result that Washington Mutual had no interest to transfer to Wells Fargo; and (2) the signature on the assignment to Wells Fargo was "robo-sign[ed]" rendering the assignment void.

Wells Fargo and NDEx demurred to the complaint. The trial court sustained the demurrer. It determined that as to the causes of action for fraud, constructive fraud, and negligent misrepresentation, plaintiffs could not allege that any misrepresentation as to the true holder of the note caused plaintiffs harm. As to the causes of action for violation of Business and Professions Code section 17200 and tortious recording of a forged instrument, the trial court found that plaintiffs and defendants had agreed that those claims would rise or fall with plaintiffs' other claims. The court found that the wrongful foreclosure claim failed for the same reason the fraud-based causes of action failed. The court noted that failure to accept a timely tender may constitute a wrongful foreclosure, and that the complaint alleged the plaintiffs " 'offered to tender the full amount due under the Note' " but the offer was rejected. The court concluded that an offer of tender was not sufficiently binding and capable of being accepted by Wells Fargo, thus plaintiffs did not satisfy the tender pleading requirement. The court denied leave to amend because

[1]  Plaintiffs alleged a quiet title cause of action only against REO, the purchasers at the sale. REO is not a party to this appeal.

[2]  " '[T]able funding' " is a practice whereby a mortgage loan is funded at settlement by an advance of loan funds, and the loan is contemporaneously assigned to the entity advancing the funds. (*Akopyan v. Wells Fargo Home Mortgage, Inc.* (2013) 215 Cal.App.4th 120, 152.)

after three complaints, plaintiffs had not shown how they could successfully amend the complaint.

Well Fargo and NDEx demurred separately. Accordingly, separate orders sustaining the demurrers and separate judgments were entered in favor of each defendant. NDEx's judgment was filed on July 11, 2012. Wells Fargo's judgment was filed on September 28, 2012. Plaintiffs filed their notice of appeal only against the judgment dated July 11, 2012 -- the NDEx judgment.

Thereafter, plaintiffs, by letter, requested this court add Wells Fargo to the caption because it was "inadvertently removed from the caption." We denied the request, prompting a motion for reconsideration, which was also denied. The judgment in favor of Wells Fargo was never appealed, thus it is not a party to this appeal and the cause of action alleged only against Wells Fargo (fourth cause of action, violation of Fair Debt Collection Practices Act) is not at issue.

DISCUSSION

I
Standard of Review

We decide de novo whether the complaint contains sufficient facts to state a cause of action. (*Bower v. AT&T Mobility, LLC* (2011) 196 Cal.App.4th 1545, 1552.) We assume the truth of all facts properly pleaded, but do not assume the truth of contentions, deductions or conclusions of law. (*Ibid*.) We also consider judicially noticed matters. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) If the trial court sustained the demurrer without leave to amend, the plaintiff has the burden of proving an amendment would cure the defect. (*Ibid*.) If we find there is a reasonable possibility an amendment could cure the defect, we must reverse the trial court. (*Ibid*.)

4

## II
## Causation

Every element of a cause of action for fraud must be alleged factually and specifically, and the policy of liberal construction of pleadings will not be invoked to sustain a materially defective pleading.  (5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 711, p. 127.)  The elements of a cause of action for fraud (the first cause of action) are:  " '(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.' [Citation.]"  (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.)  The elements of negligent misrepresentation (the third cause of action) are the same, except for the element of knowledge, which for negligent misrepresentation is that the representation was made without reasonable ground for believing it to be true.  (*West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 792.)  Constructive fraud (the second cause of action) is a species of fraud that involves a breach of a fiduciary duty that results in damage to another even though the conduct is not otherwise fraudulent.  (*Assilzadeh v. California Federal Bank* (2000) 82 Cal.App.4th 399, 415.)  As such, it also requires that the claimed fraudulent act resulted in damage.

Plaintiffs argue they adequately pleaded damages by alleging they lost their home and the underlying equity, and that such result was because of defendants misrepresenting their ownership in the note and deed of trust.  Their specific allegations were that they "were induced by . . . Wells Fargo to accept the transfers, substitutions and assignments of legal interests in the Subject Property as genuine,"  that "[a]s a direct and proximate result of the wrongful conduct of Defendants . . . Plaintiffs have been injured in an amount presently unknown," and that "[a]s a result of the fraudulent conduct . . . alleged, Plaintiffs were duped and have suffered onerous foreclosure proceedings, a trustee sale of their home, and a subsequent sale of that home to yet another party."

5

As the trial court noted, the problem was not that the plaintiffs did not allege damages, but that they could not allege that their reliance on the defendants' representation of ownership of the note and deed of trust caused their damages. It was insufficient for plaintiffs to generally allege misrepresentations on the part of the defendants, reliance, and resulting damage. Plaintiffs were required to allege with specificity how their reliance on the misrepresentation caused them to lose their house in foreclosure. "To recover for fraud, the plaintiff must prove ' "detriment proximately caused" by the defendant's tortious conduct. [Citation.] Deception without resulting loss is not actionable fraud. [Citation.] "Whatever form it takes, the injury or damage must not only be distinctly alleged but its causal connection with the reliance on the representations must be shown." ' [Citations.]" (*Goehring v. Chapman University* (2004) 121 Cal.App.4th 353, 364 (*Goehring*).)

In *Goehring* Chapman University induced Goehring to enroll in its law school through certain misrepresentations concerning its accreditation. (*Goehring* , *supra*, 121 Cal.App.4th at pp. 363-364.) Before Goehring could graduate, he was dismissed because of his academic record. The court denied Goehring's fraud claim because his damages resulted from his academic dismissal, rather than from his reliance on Chapman's misrepresentations. (*Id*. at pp. 364-365.)

This case is similar. Assuming, as we must on demurrer, that Wells Fargo was not the lawful holder of the note and deed of trust, plaintiffs nonetheless concede they were in default on their loan. They necessarily would have been subject to foreclosure proceedings regardless of who was the rightful owner of the note and deed of trust. As stated in *Fontenot v. Wells Fargo Bank, N.A*. (2011) 198 Cal.App.4th 256, 272, where the plaintiff made a similar claim that the note and deed of trust had been invalidly assigned: "As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note. Plaintiff effectively concedes she was in default, and she does not allege that the transfer to HSBC interfered in any manner with

6

her payment of the note [citation], nor that the original lender would have refrained from foreclosure under the circumstances presented.  If MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note."**3**

Accordingly, the trial court correctly sustained the demurrer as to plaintiffs' first, second, and third causes of action (fraud, constructive fraud, & negligent misrepresentation) because plaintiffs cannot show their damages resulted from the misrepresentations of defendants.

Since the fifth and seventh causes of action (for unfair business practices & tortious recording of a forged instrument, respectively) were dependent on plaintiffs' other claims, the trial court correctly sustained the demurrer to the fifth and seventh causes of action as well.  A violation of Business and Professions Code section 17200 (unfair business practices--the fifth cause of action), like a fraud cause of action, requires that the harm suffered be caused by the fraudulent misrepresentation.  (*Lorenzo v. Qualcomm Inc*. (S.D. Cal. 2009) 603 F.Supp.2d 1291, 1303.)  A private person has standing to assert a violation of California's Unfair Competition Law " 'only if he or she (1) "has suffered injury in fact," and (2) "has lost money or property as a result of the unfair competition." ' [Citation.]  The second prong of this standing test 'imposes a causation requirement.  The phrase "as a result of" in its plain and ordinary sense means "caused by" and requires a showing of a causal connection or reliance on the alleged misrepresentation.' " (*Lorenzo v. Qualcomm Inc.,* at p. 1303.)

---

**3**   Because we resolve plaintiffs' claims by concluding they have failed to allege how any defects in the assignment of the note and/or deed of trust resulted in their harm, we do not determine whether they have standing to challenge the assignment on the basis of such defects.  This issue is currently pending before the Supreme Court.  (*Yvanova v. New Century Mortgage Corp*. (2014) 226 Cal.App.4th 495, review granted Aug. 27, 2014, S218973.)

7

Plaintiffs' claim for tortious recordation of a forged instrument (the seventh cause of action) fails for the same reason. This cause of action is apparently one created by plaintiffs. They base the cause of action on a violation of Penal Code section 115.[4] Where a criminal statue is enacted for the protection of a particular class of persons, violation of the statute may give rise to civil liability if the plaintiff is a member of the particular class. (*Haft v. Lone Palm Hotel* (1970) 3 Cal.3d 756, 763.) However, "[i]t is necessary to find that the conduct prohibited by the legislative provision is the actual cause of the injury suffered by the plaintiff." (Rest. 2d Torts, § 874A, com. j, p. 312.) This attempt to state a cause of action fails both because the violation of the provision was not the cause of plaintiffs' injury, as discussed, and because they were not a member of a particular class of persons for whom the statute was enacted. Rather, the purpose of the statute was to "preserve the integrity and reliability of public documents." (*People v. Gangemi* (1993) 13 Cal.App.4th 1790, 1796.)

Plaintiffs' sixth cause of action for wrongful foreclosure *as pleaded* fails for a similar reason. Plaintiffs alleged that the alleged robo-signing resulted in an invalid transfer from Washington Mutual to Wells Fargo. They allege that the defendants had no "standing to foreclose" on the property. Their claim fails because they cannot allege that the foreclosure was prejudicial. To state a claim for wrongful foreclosure, plaintiffs must allege that the imperfection in the foreclosure process was prejudicial to their interests. (*Fontenot v. Wells Fargo Bank, N.A., supra*, 198 Cal.App.4th at p. 272.) Unless plaintiffs can allege that the improper assignment interfered with their ability to pay, or that the

---

[4] Penal Code section 115 provides in part: "Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony."

true beneficiary of the deed of trust would not have foreclosed under the circumstances, the cause of action fails for lack of prejudice.[5]

## III
## Tender

Citing this court's opinion in *Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 526 (*Stebley*), the trial court found that plaintiffs had not satisfied the tender pleading requirement because the complaint alleged plaintiffs merely made an offer of tender, rather than an actual tender. We held in *Stebley* that the complaint had merely alleged offers to tender, and that "[a] full tender must be *made* to set aside a foreclosure sale, based on equitable principles." (*Ibid.*)

Plaintiffs argue an allegation of an offer of tender is sufficient, citing an unreported federal district court case (*Permito v. Wells Fargo Bank, N.A.*, (N.D.Cal., Apr. 20, 2012, No. C-12-00545 YGR) 2012 WL 1380322) which in turn cited *Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1109. Contrary to plaintiffs' claim, *Abdallah* stated: "appellants are required to allege tender of the amount of [the] indebtedness in order to maintain any cause of action for irregularity in the sale procedure . . . ."

The controlling statute, Civil Code section 2924c requires the debtor to "*pay* to the beneficiary or the mortgagee or their successors in interest" the entire amount shown on the notice of default plus reasonable costs and expenses incurred in enforcing the deed of trust in order to cure the default. (Italics added.) A tender is an offer itself. It is "[a] valid and sufficient offer of performance; specif[ically], an unconditional offer of money

---

[5] Because we resolve plaintiffs' claims that Wells Fargo, and by extension NDEx, had no beneficial interest in the deed of trust on the theory that such fact, if true, was not the cause of plaintiffs' damages, we need not consider NDEx's argument that plaintiffs had no standing to challenge validity of the assignment of the deed of trust. This issue is currently on appeal before the Supreme Court. (*Yvanova v. New Century Mortgage Corp., supra*, 226 Cal.App.4th 495, review granted August 27, 2014, S218973.)

or performance to satisfy a debt or obligation . . . ." (Black's Law Dict. (10th ed. 2014) p. 1696, col 2.) Thus, when plaintiffs allege an offer to tender, they are actually alleging an offer to offer.

We agree with *Stebley* that the complaint must allege an actual tender of payment, not merely an offer to tender.

The question of tender is of no consequence to our resolution of plaintiffs' fraud-based causes of action (fraud, constructive fraud, & negligent misrepresentation) as well as the claims for violation of Business and Professions Code section 17200 and tortious recordation of a forged instrument.

The cause of action for wrongful foreclosure is different. The basis of plaintiffs' wrongful foreclosure cause of action is the alleged invalid transfer of the deed of trust because of the "robo-signers," which plaintiffs claim resulted in Wells Fargo having no authority to foreclose. This claim fails because, as we have explained, plaintiffs cannot demonstrate how this was prejudicial to their interests. (*Fontenot v. Wells Fargo Bank, N.A., supra*, 198 Cal.App.4th at p. 272.)

However, plaintiffs also alleged that they "did offer tender timely following notice of the trustee sale . . . [and] Defendants . . . declined to accept the tender . . . ." Failure to accept a timely tender may constitute a wrongful foreclosure, and a plaintiff may bring an action for damages. (*Munger v. Moore* (1970) 11 Cal.App.3d 1.) "[A] trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale contained in a mortgage or deed of trust." (*Id*. at p. 7.) *Munger v. Moore* held that the plaintiff was entitled to tender the amount due to cure any default and to sue for damages for the illegal sale that resulted from the failure to accept the timely tender. (*Id*. at p. 8.)

We will remand to allow plaintiffs to amend their complaint to properly allege they tendered payment in support of a single cause of action for wrongful foreclosure on

10

the ground defendant refused to accept a timely tender that was sufficient pursuant to statute to cure the default.

## IV
## Leave to Amend

Having determined that the trial court appropriately sustained the demurrer, we must determine whether the plaintiffs can amend the complaint to state a cause of action. (*Total Call Internat., Inc. v. Peerless Ins. Co.* (2010) 181 Cal.App.4th 161, 166.) If it is reasonably possible the pleading can be cured by amendment, we must find the trial court abused its discretion in not granting leave to amend. (*Grinzi v. San Diego Hospice Corp.* (2004) 120 Cal.App.4th 72, 78.)

"Plaintiff must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." *Cooper v. Leslie Salt Co.* (1969) 70 Cal.2d 627, 636.) The trial court found that plaintiffs had not shown how they could amend or how the amendment would change the legal effect of the pleading. It is true that no amendment would change the legal effect of the pleading as to the issue of any harm to plaintiffs being caused by their own default on the loan, rather than by any irregularity in the assignment of the note or deed of trust.

However, if supported by the facts, it is reasonably possible that plaintiffs can amend the wrongful termination cause of action to state a claim solely on the ground that they timely tendered payment of all amounts due to cure the default pursuant to statute, and that defendant NDEx refused the tender.

NDEx's arguments that Wells Fargo was an indispensible party and that NDEx's actions were privileged do not change our determination that plaintiffs should be allowed an opportunity to amend to plead a wrongful foreclosure cause of action for denial of a timely adequate tender. An indispensable party is one who must be joined as a party to the action because his or her rights will necessarily be affected by the judgment. (*Washington Mutual Bank v. Blechman* (2007) 157 Cal.App.4th 662, 667.) Wells Fargo

11

was joined as a party to the underlying action, and a judgment was rendered in its favor. Indispensability is an issue in the trial court. However, if the party was joined below, but is not a party to the appeal, indispensability is no longer relevant. The indispensible party doctrine is not applicable here.

NDEx also argues that it is protected by the qualified common-interest privilege of Civil Code section 47, subdivision (c)(1). Civil Code section 2924, subdivision (d) provides in pertinent part: "All of the following shall constitute privileged communications pursuant to Section 47: [¶] (1) The mailing, publication, and delivery of notices as required by this section. [¶] (2) Performance of the procedures set forth in this article." The privilege afforded under Civil Code section 2924 is the qualified common interest privilege of Civil Code section 47, subdivision (c), and applies to "the statutorily required mailing, publication, and delivery of notices in nonjudicial foreclosure, and the performance of statutory nonjudicial foreclosure procedures . . . ." (*Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 333.) One of the statutory procedures to be performed by the trustee is the sale of the property. (Civ. Code, § 2924h.) The common interest privilege does not apply if the defendant acted with actual malice, i.e., motivated by hatred or ill will, or in reckless disregard of the plaintiff's rights. (*Kachlon v. Markowitz, supra,* at p. 336.) The privilege applies to all torts except malicious prosecution. (*Ibid*.)

In this case, plaintiffs alleged that unspecified "[d]efendants" declined to accept their timely offer of tender. The only allegation that might constitute a malice allegation pertaining to the sale of the property after rejection of a timely tender, is the allegation that plaintiffs suffered damages "[a]s a proximate result of the negligent, willful and/or reckless actions of these Defendants . . . ." Nevertheless, it is reasonably possible that plaintiffs could amend the complaint to state that in rejecting plaintiffs' timely tender, NDEx lacked reasonable grounds to believe plaintiffs had not cured the default, acting in reckless disregard of plaintiffs' rights.

12

To be clear, plaintiffs' amended complaint may allege only a single cause of action against NDEx for wrongful foreclosure, based solely on the allegation that plaintiffs timely tendered payment of all amounts required by statute to cure the default and reinstate the mortgage, that defendants refused the tender, and that in selling the property NDEx had no reasonable grounds to believe plaintiffs had not cured the default, acting in reckless disregard of plaintiffs' rights.

## DISPOSITION

The judgment is reversed with directions to the superior court to vacate its order sustaining the demurrer to counts one, two, three, five, six, and seven of the second amended complaint without leave to amend, and to enter a new order sustaining the demurrer without leave to amend as to counts one, two, three, five, and seven, and sustaining the demurrer to the sixth cause of action with leave to amend consistent with the views expressed in this opinion.  The parties shall bear their own costs on appeal.


　　　　　　　　　　　　　　　　 /s/
　　　　　　　　　　　　　　　　Blease, J.


We concur:


　　　 /s/
　　　Raye, P. J.


　　　 /s/
　　　Duarte, J.


13