Filed 4/15/26  Singh v. County of San Joaquin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (San Joaquin)

----

| | |
|---|---|
| KULDEEP SINGH, | C103844 |
| Plaintiff and Appellant, | (Super. Ct. No. STKCVUCC20220007847) |
| v. | |
| COUNTY OF SAN JOAQUIN et al., | |
| Defendants and Respondents. | |

Kuldeep Singh sued the County of San Joaquin (County)[1] for various causes of action pertaining to the purported unlawful seizure of his trailer. The County filed a motion for summary judgment, which the trial court granted. Singh appeals. Finding no merit in Singh's arguments, we affirm.

---

[1]     Singh sued other defendants as well. We do not discuss Singh's claims as to the other defendants because they are not parties to this appeal.

1

# BACKGROUND[2]

Singh sued the County for negligence under Government Code[3] sections 815.2 and 815.6, for violation of his constitutional rights under article I, sections 1 and 13 of the California Constitution,[4] and for declaratory relief. All causes of action pertain to the purported unlawful seizure of a trailer, which Singh claims belongs to him. In reviewing the County's motion for summary judgment, the trial court found the following material facts undisputed, and Singh does not challenge those findings on appeal.

In April 2022, the County was contacted by the City of Fontana Police Department (City) to assist in the recovery of a stolen trailer. County deputies were dispatched to a location based on the trailer's tracking system and given a general description of the trailer. The County deputies also personally reviewed information in the Department of Justice Stolen Vehicle System (system) pertaining to the trailer. After failing to locate the trailer at the tracked location based on its general description, a deputy contacted a representative of the trailer's California registered owner, who stated that the trailer had been stolen and she was actively tracking the trailer's location. The representative said the registered owner believed the trailer was attached to a red Freightliner bearing the name "Delhi Devils" and "Welcome Logistics" with a Maine license plate. The deputies located a truck matching that description and confirmed the trailer attached to the truck had a vehicle identification number (VIN) that matched the stolen trailer. The deputies ran a license plate check and learned the Freightliner was registered to Welcome Logistics at an address in Stockton.

---

[2] Singh is admonished for not providing an appropriate statement of facts. (Cal. Rules of Court, rule 8.204(a)(2)(C).) He recites only the evidence presented by him in opposition to the motion for summary judgment; he provides no summary of the evidence presented by the County.

[3] Undesignated section references are to the Government Code.

[4] Undesignated article references are to the California Constitution.

The deputies were dispatched to the address in Stockton and learned that Welcome Logistics was a former resident at the address but had not been there for at least six months. The deputies then contacted a towing company to detach the trailer from the red Freightliner and tow it. The County released the trailer to an agent of the California registered owner at the end of April 2022, and the County has not had possession of, contact with, or control over the trailer since then. In May 2022, Singh provided the County with documents pertaining to his claimed ownership of the trailer, which the County forwarded to the City.

The trial court overruled the County's objections to Singh's evidence that he purchased the trailer from an auctioneer, registered the trailer in his name with the Bureau of Motor Vehicles in Maine, and that the San Bernardino County Sheriff's Department had contacted Singh in February 2022 to investigate whether the trailer was stolen and closed the case. The trial court further found undisputed, and Singh does not challenge the findings, that, in February 2022, Singh was expressly advised that the trailer was registered to someone else in California; Singh did not contact the California registered owner to resolve the dispute as to ownership; the California registered owner reached out to Singh after he was pulled over in February 2022, but Singh never responded; and Singh never contacted the Department of Motor Vehicles to resolve the ownership dispute.

The trial court granted the County's motion for summary judgment. As to the first cause of action for violation of section 815.2, the trial court found no triable issue of fact that the County acted reasonably in seizing the trailer. The trial court likewise found no triable issue of fact as to the second cause of action for violation of section 815.6 because Singh's discovery responses indicated that the cause of action was based on the County's purported violation of the mandatory duty in section 815.2. The trial court further found that there was no private right of action for damages for violation of the California Constitution, as alleged. Finally, as to the declaratory relief cause of action, the trial

3

court found:  Singh was not entitled to declaratory relief given the undisputed facts; Singh's request for a declaration as to his ownership of the trailer was beyond the trial court's jurisdiction because there was no controversy between the parties regarding the trailer's rightful ownership; and the declarations sought were not necessary or proper given that Singh was seeking redress for past wrongs.  Singh appeals.

## DISCUSSION

### I

#### *Standard of Review*

"Summary judgment is appropriate when all the papers submitted show there is no triable issue of material fact and the moving party is entitled to judgment as a matter of law." (*Maksimow v. City of South Lake Tahoe* (2024) 106 Cal.App.5th 514, 520.)  "A defendant moving for summary judgment has the initial burden of presenting evidence that a cause of action lacks merit because the plaintiff cannot establish an element of the cause of action or there is a complete defense." (*Id*. at p. 521.)  "Once the moving defendant has met its initial burden, the burden shifts to the nonmoving plaintiff to show that a triable issue of material fact exists." (*Ibid*.)  A triable issue of material fact exists if the evidence reasonably permits the trier of fact to find the contested fact in favor of the plaintiff in accordance with the applicable standard of proof.  (*Ibid*.)

We review an order granting summary judgment de novo; the trial court's rationale for granting summary judgment is thus not binding on us.  (*Maksimow v. City of South Lake Tahoe, supra*, 106 Cal.App.5th at pp. 521-522; see *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1037 [our de novo review considers " ' "all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained" ' "].)  Nonetheless, because we presume the trial court's judgment is correct, Singh has the burden to demonstrate reversible error.  (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 708.)

4

## II

*The County Is Entitled to Summary Judgment on the Negligence Causes of Action*

Singh sued the County for negligence under sections 815.2 and 815.6. As to the first negligence cause of action, section 815.2, subdivision (a) provides, "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." A public entity is, however, "not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." (§ 815.2, subd. (b).) Section 820.4 provides, in pertinent part, that "[a] public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law." Vehicle Code section 22653 further provides that a peace officer "may remove a vehicle from private property located within the territorial limits in which the officer is empowered to act, when a report has previously been made that the vehicle has been stolen . . . ."

As to the second negligence cause of action, section 815.6 provides, "[w]here a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." For "section 815.6 to be applicable, the enactment relied upon must impose a *mandatory* duty, not a discretionary duty; neither must the enactment simply set forth a prohibition or a right, as opposed to an affirmative duty on the part of a government agency to perform some *act*." (*Clausing v. San Francisco Unified School Dist.* (1990) 221 Cal.App.3d 1224, 1239.)

The trial court found that the section 815.6 cause of action was derivative of the section 815.2 cause of action because, in his discovery responses, Singh identified "the

5

general duty of due care" required under section 815.2 as the mandatory duty supporting his claim under section 815.6. Singh does not dispute the trial court's finding in that regard but asserts in his reply brief that he "relied on statutory provisions and judicial authority that imposed a mandatory duty on sheriff deputies to verify ownership before seizing property suspected of being stolen," citing a case that imposes no such mandatory duty. (Citing *People v. Davidson* (2013) 221 Cal.App.4th 966[5]; *id.* at p. 972 ["A peace officer harboring the suspicion that a motor vehicle is perhaps stolen *may* inquire as to ownership" (italics added)].) Given the trial court's unchallenged finding that Singh's section 815.6 cause of action is derivative of his section 815.2 cause of action, we analyze the motion for summary judgment on the negligence causes of action together.[6]

The seizure of property "is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity." (*Payton v. New York* (1980) 445 U.S. 573, 587.) "[P]robable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would 'warrant a man of reasonable caution in the belief,' [citation], that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false." (*Texas v. Brown* (1983) 460 U.S. 730, 742.) In evaluating whether there is a triable issue of fact as to probable cause, we consider the events leading up to the seizure and consider whether those facts " 'viewed from the standpoint of an objectively reasonable police officer, amount . . . to probable cause.' " (*People v. Moore* (2021) 64 Cal.App.5th 291, 298.)

---

[5] Singh cites to page 967 of that case, which is not part of the published opinion. The published opinion starts on page 968.

[6] Like the trial court, we do not address whether section 815.2 can constitute a "mandatory duty" for purposes of section 815.6 because resolution of that question is unnecessary to the disposition of this appeal.

The undisputed facts known to the County *at the time of the seizure* were: (1) the City requested assistance in recovering a trailer that was reported stolen; (2) the system identified the trailer as having been reported stolen; (3) a representative of the trailer's California registered owner said the trailer was stolen and it was believed that the trailer was attached to a red Freightliner bearing a specific name with a Maine license plate; (4) a truck matching that description was found at the location identified by the trailer's tracking system; (5) the VIN on the trailer attached to that truck matched the VIN of the trailer that was reported stolen; and (6) the owner of the red Freightliner had vacated the registered address in California at least six months before the trailer was seized.

We agree with the trial court that the undisputed facts show there is no triable issue that the County deputies exercised due care in executing their duties to seize the trailer because they had probable cause to believe the trailer was stolen. (See *Rohde v. City of Roseburg* (9th Cir. 1998) 137 F.3d 1142, 1144 [stolen vehicle report alone sufficient to establish probable cause to arrest the driver, even if the report is later determined to be erroneous]; Veh. Code, § 22653 [peace officer may remove a vehicle from private property located within the territorial limits in which the officer is empowered to act when the vehicle has been reported stolen].)

Singh argues a triable issue of fact exists as to his lawful ownership of the trailer and the trial court relied on unverified assertions that the trailer was reported stolen, "failed to address the conflicting ownership documentation and did not consider the prior law enforcement determination affirming [his] lawful possession." We find no merit in these contentions.

Initially, we reject Singh's challenges to the County's evidence. He asserts the County relied on a CAD log (a computer-aided dispatch record) and declarations from deputies who lacked personal knowledge of the underlying transaction, that the CAD log constitutes inadmissible hearsay, and that declarations in support of the County's motion were based on secondhand information. Singh provides no citation to the record showing

7

he raised these evidentiary objections in the trial court; the trial court's ruling addresses only the evidentiary objections raised by the County in response to Singh's evidence submitted in opposition to the motion for summary judgment. To the extent Singh made such evidentiary objections in the trial court, we presume the trial court overruled the objections by not expressly ruling on them. (*Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 534.) Singh raises no argument that the trial court erred in overruling his objections, to the extent such objections were made, nor does he provide argument with citations to authority that his objections should be sustained on appeal. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408 ["appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error"].)

Singh also cannot demonstrate a triable dispute as to the issue of probable cause based on his claimed ownership of the trailer or the prior investigation by the San Bernardino County Sheriff's Department. First, those facts were not known to the deputies at the time of the seizure. Second, Singh's apparent argument that the County's actions were unreasonable because they should have confirmed the legitimacy of Singh's ownership before seizing the trailer is forfeited because it is unsupported by any citation to authority or reasoned argument. (*In re S.C., supra*, 138 Cal.App.4th at p. 408.) Third, Singh's contention that the County had access to, had to review, and was bound by the San Bernardino County Sheriff's Department's prior investigation into the stolen trailer is forfeited because there is no citation to the record that the County had access to that report and no reasoned argument presented with citation to authority for the contention advanced. (*Ibid.*) Singh's assertion that the report "was previously uploaded to the sheriff's CommandCentral Vault" does not establish that the County deputies had access to such information.

The single case cited by Singh for the proposition that the question of ownership presents a triable issue of fact is also inapposite. In that case, an insurance company sued the defendant to recoup monies it had paid out on a policy for a stolen truck. (*Liberty*

*Mutual Fire Ins. Co. v. McKenzie* (2001) 88 Cal.App.4th 681, 683.) The insurance company argued the policy required that the insured own the covered vehicle and the defendant did not own the truck at the time of the theft because he transferred the truck to his deceased father one month before it was stolen. (*Ibid*.) The trial court granted summary judgment in favor of the insurance company. The appellate court reversed, finding a triable issue of fact existed as to whether the defendant was entitled to insurance coverage "because an inter vivos transfer to a dead person cannot and does not transfer title" and there were other facts potentially establishing his ownership. (*Id*. at p. 684.) There is no similarity between this case and that case.

In his reply brief, Singh argues there was no probable cause because the deputies had conflicting information that required clarification before seizing the trailer. He argues that, although the system indicated the trailer was stolen, the trailer "bore no visible Lexmar markings," the trailer was on private property, and the trailer was "physically attached to a Freightliner registered to Welcome Logistics—a California corporation," which "created an obvious opportunity for verification." Singh fails to explain with citation to authority and cogent legal argument how or why these facts create a triable dispute as to the reasonableness of the deputies' action. We thus do not address the argument. (*In re S.C.*, *supra*, 138 Cal.App.4th at p. 408.)

For the foregoing reasons, we conclude the trial court did not err in granting the County's motion for summary judgment as to the negligence causes of action.

III

*The County Is Entitled to Summary Judgment on the*

*Violation of Constitutional Rights Cause of Action*

Singh alleged the County violated his constitutional rights under article I, sections 1 and 13 because it seized the trailer without probable cause and "violated his rights to protect property" and to be free from unlawful and unreasonable search and seizure. Our finding *ante* that there is no triable issue of fact that the County had probable cause to

seize the trailer is conclusive of this cause of action as well.  We accordingly do not address whether there is a private right of action for damages under article I, sections 1 and 13.

IV

*The County Is Entitled to Summary Judgment on the*

*Declaratory Relief Cause of Action*

In his declaratory relief cause of action, Singh sought a judicial determination of his ownership rights pertaining to the trailer and a declaration that the County unlawfully seized his trailer, thereby depriving him of his constitutional and statutory rights.  The heading in Singh's opening brief states that he is challenging only the trial court's finding that there is no present controversy regarding the ownership of the trailer.  To the extent that Singh attempts to weave in arguments pertaining to other grounds of purported error, we decline to address them.  (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179 ["Failure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading"].)

The County is entitled to summary judgment on Singh's declaratory relief cause of action as to his ownership of the trailer because there is no actual controversy between *the respective parties* as to the trailer's ownership.  (Code Civ. Proc., § 1060.)  The County has no ownership interest in the trailer and has had no possession or control over the trailer since April 2022.  Any judicial declaration regarding Singh's ownership is immaterial as to whether the County lawfully seized the trailer because the County had probable cause to do so.  Moreover, Singh did not join the trailer's California registered owner as a party in this action (i.e., the entity asserting an ownership interest in the trailer) and, accordingly, the trial court did not abuse its discretion in declining to consider the rightful ownership of the trailer.  (*Filarsky v. Superior Court* (2002) 28 Cal.4th 419, 433 [trial court's decision to refuse declaratory relief subject to abuse of discretion review]; *Washington Mutual Bank v. Blechman* (2007) 157 Cal.App.4th 662,

10

667 ["A person is an indispensable party to litigation ' "if his or her rights must necessarily be affected by the judgment" ' "].)

## DISPOSITION

The judgment is affirmed.  The County shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1)-(2).)


         /s/
        BOULWARE EURIE, J.


We concur:


  /s/
ROBIE, Acting P. J.


  /s/
FEINBERG, J.


11