Filed 2/14/23  Turner v. Pacifica Foundation CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| ANDREA TURNER et al., | B314537 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 20STCV46681) |
| v. | |
| PACIFICA FOUNDATION, INC. et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Reversed and remanded with directions.

Alexander Morrison + Fehr, Tracy L. Fehr; The Jaffe Law Firm and Stephen R. Jaffe for Plaintiffs and Appellants Andrea Turner, Christina Huggins and Donald Goldmacher.

Grant | Shenon and Adam Grant for Defendant and Respondent Pacifica Foundation, Inc.

Eisenberg & Associates and Mark S. Eisenberg for Defendants and Respondents Grace Aaron and Alex Steinberg.

_____

Andrea Turner, Christina Huggins and Donald Goldmacher (collectively Turner parties), members of Pacifica Foundation, Inc. who serve on Pacifica's national board of directors or the board of a local Pacifica radio station,[1] filed this derivative lawsuit on behalf of Pacifica (named as a nominal defendant) against Grace Aaron and Alex Steinberg, members of Pacifica's national board of directors or officers of the corporation, alleging Aaron and Steinberg breached fiduciary duties owed to Pacifica and engaged in misfeasance and malfeasance injuring the corporation. The trial court sustained without leave to amend Aaron and Steinberg's demurrer to the third amended complaint and dismissed the action, ruling the Turner parties had failed to make the required prelitigation demand on the corporation or to adequately allege demand futility and, in any event, Aaron's and Steinberg's alleged misconduct was protected from liability by the business judgment rule. We reverse and remand with directions to sustain the demurrer with leave to amend the allegations purporting to satisfy the prelitigation demand requirement of Corporations Code section 5710, subdivision (b).

_____

[1]     The Turner parties alleged that Turner was a member of Pacifica's national board of directors and the local station board of KPFA-FM, Pacifica's Berkeley-based radio station, and that Huggins was chair and Goldmacher a member of the KPFA-FM local station board.

2

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Turner Parties' Allegations of Misconduct by Aaron and Steinberg*

The Turner parties filed their original complaint on December 8, 2020, a first amended complaint on December 11, 2020 and, pursuant to court order, a second amended complaint on February 22, 2021. After the court sustained Aaron and Steinberg's demurrer to the second amended complaint with leave to amend (discussed in the following section), the Turner parties on May 17, 2021 filed the operative third amended complaint.

The third amended complaint alleged Steinberg was the current chair of Pacifica's national board of directors and that Aaron and Steinberg at all relevant times served as members of the Pacifica board or officers of the corporation "and/or in another formal or de facto affiliation with Pacifica enabling each of them, individually or collectively, to exercise influence and control over the management and business affairs of Pacifica."[2] Paragraph 12, with numerous lettered subparts, alleged (in language apparently identical to that in paragraph 12 of the second amended complaint),[3] that prior to commencing the lawsuit, the Turner parties and "others affiliated and aligned with" them continually demanded that Aaron and Steinberg cease the actions alleged to constitute "misfeasance, malfeasance, [and] breaches of fiduciary duties" (a phrase repeated throughout the pleading, which we shorten to "misconduct"). Included in the

---

[2] Our quotations from the parties' papers omit unnecessary capitalization and their use of bold and italics font.

[3] The second amended complaint is not included in the record on appeal.

paragraph were allegations concerning warnings and recommendations from the California Attorney General's charitable trust section regarding issues of corporation management that had been ignored by Pacifica's board and unsuccessful attempts by the Turner parties to mediate their disputes. The paragraph specifically alleged all attempts to resolve the issues "have been, would have been and continue to be completely futile."

The Turner parties alleged specific acts and omissions constituting actionable misconduct, including interference with Pacifica's professional staff, causing the corporation's failure to comply with Federal Communications Commission (FCC), Internal Revenue Service (IRS), and other federal and state regulatory requirements; promoting and causing Pacifica to obtain a $3.2 million loan, secured by corporate assets, without an identifiable source of funds for repayment of its principal or interest; causing the corporation to revise its contribution formula, resulting in KPFA-FM, the only station not losing money, to fund the vast majority of the costs of national operations; interfering in several specific ways with the ability of Pacifica to receive grants from the Corporation for Public Broadcasting (CPB); and facilitating a $500,000 loan to Pacifica from Pacifica Supporters Loan LLC (PSLL), notwithstanding the wife of one of the owners of the lending entity was a member of the Pacifica national board and the other owner was closely involved with Aaron's separate nonprofit corporation. Other acts of purported misconduct, including retaliatory firings, failure to conform to the advice of corporate counsel and alienating listeners by bizarre programming, were also alleged.

Aaron's and Steinberg's misconduct, the Turner parties alleged, damaged Pacifica in the form of loss of donor and listener financial support and the loss, or imminent loss, of substantially all its assets, creating a risk of insolvency. The pleading labels its single cause of action as one for reimbursement of corporate loss and waste and prays for a judgment requiring Steinberg and Aaron to reimburse Pacifica for the damages and loss of assets and revenue caused by their misconduct.

2. *Pacifica's Demurrer to the Second Amended Complaint*

Pacifica—the nominal defendant—demurred to the Turner parties' second amended complaint, arguing they had failed to properly make a prelitigation demand before filing the derivative lawsuit, as required by Corporations Code section 5710, subdivision (b). Aaron and Steinberg filed joinders in the demurrer.

The Turner parties argued the allegations in paragraph 12 of the pleading established they had satisfied the demand requirement. In addition, at the hearing on the demurrer, counsel for the Turner parties represented that the then-current iteration of the complaint had been sent to Pacifica's counsel before it was filed. "That's the definition of submitting a claim beforehand," counsel argued. Counsel also addressed demand futility and asserted Pacifica's repeated refusal to mediate the dispute with the Turner parties constituted adequate proof of demand futility.

Responding to the demurrer as filed, the court stated, "I agree with the plaintiffs' side that paragraph 12 fully put the defendants on notice. That issue is easily disposed of." The court then proceeded to address "problems with this complaint, which aren't even discussed by either side." The court indicated the

5

allegations describing Aaron's and Steinberg's alleged breaches of fiduciary duty, misfeasance and malfeasance were ambiguous and lacked specificity and suggested further amendment was appropriate.[4]  At this point, counsel for Pacifica, who had earlier submitted on his papers on the issue of prelitigation demand, argued the allegations in paragraph 12 did not satisfy the requirements of Corporations Code, section 5710, subdivision (b), and urged the court not to grant leave to amend.  The court, without further comment on the demand requirement, ruled, "The demurrer is sustained with leave to amend to file a third amended complaint."

3. *Aaron and Steinberg's Demurrer to the Operative Third Amended Complaint*

After the Turner parties filed their third amended complaint, expanding somewhat the allegations of misconduct against Aaron and Steinberg, Pacifica answered, asserting as affirmative defenses the failure to make a prelitigation demand or to adequately detail why such a demand would be futile. Aaron and Steinberg demurred, arguing the action was time-barred, citing the three-year limitation period in Code of Civil Procedure section 359; the pleading was unintelligible and failed to state facts sufficient to constitute any cause of action; and certain defenses (specifically, that board members of a nonprofit

---

[4]     The court commented, for example, "[F]iduciary duty is mentioned.  There's no misfeasance or malfeasance that's spelled out.  And I don't know what the negligence is in this prayer for relief. . . .  [W]here's the duty and all of the rest of that?  That's, you know, that's first-year Torts 101."  The court then asked counsel for the Turner parties, "Do you want to respond to that, Mr. Jaffe, or do you just want to try to draft another complaint with leave to amend?"

corporation are protected from personal liability by provisions of the Corporations Code, as well as by the common law business judgment rule) appeared on the face of the complaint.[5]

With the demurrer counsel for Aaron and Steinberg provided a declaration stating he had attempted to informally resolve the issues raised by the third amended complaint's perceived pleading deficiencies by advising counsel for the Turner parties that the new complaint was virtually identical to the second amended complaint and "fails to allege specific facts that connect any of the instances of misconduct alleged in paragraph 16 to my clients or to the alleged resulting harm. In each instance, the [third amended complaint] merely alleges my clients 'caused' the stated problem without saying how they did so. In many of those same instances, the [pleading] fails to separate the acts of my clients from the official acts of the Pacifica board acting as a whole." Neither the demurrer nor Aaron and Steinberg's meet-and-confer communications with the Turner parties challenged the adequacy of their prelitigation demand.

In their opposition papers the Turner parties referred to their lawsuit as a properly pleaded "members' derivative action" as defined by the Corporations Code when discussing the sufficiency of their allegations of misconduct by Aaron and Steinberg, but did not again address the prelitigation demand requirement. In their reply memorandum, however, Aaron and Steinberg argued the Turner parties had not made the necessary

---

[5] The demurrer also challenged what it described as the first cause of action for breach of contract for failure to state sufficient facts and as uncertain. The third amended complaint contained no cause of action for breach of contract.

demand for action on the Pacifica board before filing the lawsuit or adequately pleaded demand futility.[6]

At the hearing on the demurrer on July 23, 2021, according to the parties' agreed statement, the court raised the Corporations Code's requirement "to plead with particularity the individual plaintiffs' efforts to convince Pacifica's board to take their desired action, or why such efforts would be futile."[7]  In response, "[p]laintiffs' counsel stated that, on April 20, 2021 [during the hearing on Pacifica's demurrer to the second amended complaint], the court previously ruled the notice given to Pacifica Foundation in this action was legally sufficient."  The parties agree that "[n]othing further was said during the hearing regarding the notice issue."

The parties then addressed whether the third amended complaint adequately responded to the court's concerns, as expressed at the prior demurrer hearing, regarding the

[6]     The Turner parties in their opposition memorandum and Aaron and Steinberg in their reply papers cited Corporations Code section 7110, which applies to nonprofit mutual benefit corporations, rather than Corporations Code section 5710, applicable to nonprofit public benefit corporations such as Pacifica.  The substance of the demand/futility requirement in the two provisions is the same.

[7]     At the hearing on the demurrer and in its subsequent order sustaining the demurrer without leave to amend, the court cited the prelitigation demand requirement of Corporations Code section 800, subdivision (b)(2), which applies to general corporations, rather than Corporations Code section 5710, subdivision (b), applicable to nonprofit public benefit corporations.  The substance of the demand/futility requirement in these two provisions (and, as noted, in Corporations Code section 7110) is the same.

complaint's lack of specificity as to the individual defendants' misconduct. The court asked counsel for the Turner parties, "[C]an you name one instance outside of the business judgment rule that harmed Pacifica? Start with Grace Aaron, the one you said was behind all of this, can you name just one thing she did to harm the corporation?" According to the agreed statement, "Plaintiffs' counsel began to read the allegations of Paragraph 16 aloud into the record. He had completed reading two of the sixteen subparagraphs of substantive allegations in Paragraph 16, when the court stated, 'I've heard enough.' Defendants' counsel requested the opportunity to respond, but the court did not recognize or respond to him. The court then electronically disconnected and ended the hearing without ruling on the demurrer or indicating what the ruling would be."

In an order filed July 30, 2021 the court sustained the demurrer without leave to amend and dismissed the action. The court ruled the Turner parties had failed to satisfy the Corporation Code's prelitigation demand or demand futility requirement and sustained the demurrer on that ground.[8] In addition, the court ruled the pleading, "on its face, indicates that the individual defendants are protected from liability by the business judgment rule." Explaining this aspect of its ruling, the court stated, in part, rejection of the advice from the California Attorney General's charitable trust section to implement a particular financial plan "concern[ed] an operational business

---

[8] The court in the opening paragraph of its ruling stated, "[t]here was a demurrer to the Second Amended Complaint on the grounds that a corporate demand was never made. The demurrer on that ground was sustained with leave to amend. This issue is revisited by this demurrer . . . ."

decision within the board's power." Further, the court wrote, "While there are many alleged bad business decisions by the Pacifica board alleged in the complaint, only two individual defendants from the many board members are singled out separately. They are not alleged as dominate [*sic*] members of the board, control the votes of other board members or had power over the other members of the board in decision-making. [¶] . . . The defendants' actions must be presumed to have been made in good faith unless facts to the contrary are alleged. That is not the pleaded situation here."

The Turner parties filed a timely notice of appeal from the order dismissing their action and a second notice of appeal from the judgment entered after the court awarded costs to Aaron and Steinberg. We ordered the two appeals consolidated.

## DISCUSSION

### 1. *Standard of Review*

A demurrer tests the legal sufficiency of the factual allegations in a complaint. We independently review the trial court's ruling on a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768; *T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.) We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 20; accord, *Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010; *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

10

A demurrer based on an affirmative defense is properly sustained when the face of the complaint and matters judicially noticed clearly disclose the defense or bar to recovery.  (*Silva v. Langford* (2022) 79 Cal.App.5th 710, 716; *Favila v. Katten Muchin Rosenman LLP* (2010) 188 Cal.App.4th 189, 224.)  If "'the complaint's allegations or judicially noticeable facts reveal the existence of an affirmative defense, the "plaintiff must 'plead around' the defense, by alleging specific facts that would avoid the apparent defense.  Absent such allegations, the complaint is subject to demurrer for failure to state a cause of action.'"'  (*Esparza v. County of Los Angeles* (2014) 224 Cal.App.4th 452, 459.)

We affirm the judgment if it is correct on any ground stated in the demurrer, regardless of the trial court's stated reasons (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967; *Las Lomas Land Co., LLC v. City of Los Angeles* (2009) 177 Cal.App.4th 837, 848), but liberally construe the pleading with a view to substantial justice between the parties.  (Code Civ. Proc., § 452; *Ivanoff v. Bank of America, N.A.* (2017) 9 Cal.App.5th 719, 726; see *Schifando v. City of Los Angeles*, *supra*, 31 Cal.4th at p. 1081.)

"'Where the complaint is defective, "[i]n the furtherance of justice great liberality should be exercised in permitting a plaintiff to amend his [or her] complaint."'"  (*Aubry v. Tri-City Hospital Dist., supra*, 2 Cal.4th at p. 970.)  A plaintiff may demonstrate for the first time to the reviewing court how a complaint can be amended to cure the defect.  (Code Civ. Proc., § 472c, subd. (a) ["[w]hen any court makes an order sustaining a demurrer without leave to amend the question as to whether or not such court abused its discretion in making such an order is

open on appeal even though no request to amend such pleading was made"]; see *Sierra Palms Homeowners Assn. v. Metro Gold Line Foothill Extension Construction Authority* (2018) 19 Cal.App.5th 1127, 1132 [plaintiff may carry burden of proving an amendment would cure a legal defect for the first time on appeal]; *Rubenstein v. The Gap, Inc.* (2017) 14 Cal.App.5th 870, 881 ["'[w]hile such a showing can be made for the first time to the reviewing court [citation], it must be made'"].)

2. *Governing Law: The Demand Requirement and the Business Judgment Rule*

Corporations Code section 5710, subdivision (b), part of California's Nonprofit Corporation Law (Corp. Code, § 5000 et seq.), provides with respect to a nonprofit public benefit corporation such as Pacifica, "No action may be instituted or maintained in the right of any corporation by any member of such corporation unless both of the following conditions exist: [¶] (1) The plaintiff alleges in the complaint that plaintiff was a member at the time of the transaction or any part thereof of which plaintiff complains; and [¶] (2) The plaintiff alleges in the complaint with particularity plaintiff's efforts to secure from the board such action as plaintiff desires, or the reasons for not making such effort, and alleges further that plaintiff has either informed the corporation or the board in writing of the ultimate facts of each cause of action against each defendant or delivered to the corporation or the board a true copy of the complaint which plaintiff proposes to file."

Functionally the same as the obligation to make a prelitigation demand on the board of a general corporation or allege facts sufficient to excuse the demand before filing a derivative action specified in Corporations Code section 800,

12

"'[t]he purpose of this requirement is to encourage intracorporate resolution of disputes and to protect the managerial freedom of those to whom the responsibility of running the business is delegated.'" (*Shields v. Singleton* (1993) 15 Cal.App.4th 1611, 1619; see *Apple Inc. v. Superior Court* (2017) 18 Cal.App.5th 222, 231-232 ["As a general rule, '[m]anagement of a corporation, including decisions concerning the prosecution of actions, is vested in its board of directors. When the board refuses to enforce corporate claims, however, the shareholder derivative suit provides a limited exception to the rule that the corporation is the proper party plaintiff. In deference to the managerial role of directors and in order to curb potential abuse, the shareholder asserting a derivative claim must make a threshold showing that he or she made a presuit demand on the board to take the desired action'"].)

"Because the role of managing the business of the corporation is vested in its board of directors, not its shareholders [citation], a shareholder seeking redress on behalf of the corporation for alleged mismanagement by corporate officers '"must make an earnest, not a simulated effort, with the managing body of the corporation, to induce remedial action on their part, and this must be apparent to the court."'" (*Apple Inc. v. Superior Court*, *supra*, 18 Cal.App.5th at p. 232.) In the derivative complaint the plaintiff "'must plead "with particularity" the attempts that were made to secure board action before bringing suit, or, alternatively, the factual basis upon which the plaintiff believes that a demand on the board was unnecessary, i.e., that a demand would have been futile.'" (*Id.* at p. 231; accord, *Bader v. Anderson* (2009) 179 Cal.App.4th 775, 782.) A derivative complaint that fails to adequately allege

13

compliance with the demand requirement is subject to demurrer. (*Shields v. Singleton, supra,* 15 Cal.App.4th at p. 1619.)

The prelitigation demand requirement "'is merely an extension of the business judgment rule, which dictates that judicial interference with corporate decision-making should be limited.'" (*Shields v. Singleton, supra,* 15 Cal.App.4th at p. 1619.) "'The common law business judgment has two components—one which immunizes [corporate] directors from personal liability if they act in accordance with its requirements, and another which insulates from court intervention those management decisions which are made by directors in good faith in what the directors believe is the organization's best interest.' [Citations.] A hallmark of the business judgment rule is that, when the rule's requirements are met, a court will not substitute its judgment for that of the corporation's board of directors." (*Lamden v. La Jolla Shores Clubdominium Homeowners Assn.* (1999) 21 Cal.4th 249, 257; accord, *Coley v. Eskaton* (2020) 51 Cal.App.5th 943, 953; *Berg & Berg Enterprises, LLC v. Boyle* (2009) 178 Cal.App.4th 1020, 1045.)

The aspect of the common law rule relating to the personal liability of directors of a nonprofit public benefit corporation is now defined by Corporations Code sections 5231 and 5233. Those provisions immunize directors for their corporate decisions that are made "in good faith, in a manner that director believes to be in the best interests of the corporation and with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances" (Corp. Code, § 5231, subds. (a) & (c)), except if an interested director engages in a self-dealing transaction with the corporation. (Corp. Code, § 5233.) A director, however, cannot obtain the benefit of

the business judgment rule when acting under a material conflict of interest.  (*Coley v. Eskaton, supra*, 51 Cal.App.5th at p. 953; *Everest Investors 8 v. McNeil Partners* (2003) 114 Cal.App.4th 411, 430; *Gaillard v. Natomas Co.* (1989) 208 Cal.App.3d 1250, 1263.)  "Deference under the business judgment rule is premised on the notion that corporate directors are best able to judge whether a particular transaction will further the company's best interests.  [Citation.]  But that premise is undermined when directors approve corporate transactions in which they have a material personal interest unrelated to the business's own interest."  (*Coley*, at p. 953.)

> 3. *The Trial Court Improperly Sustained the Demurrer Without Leave To Amend for Failure To Comply with the Prelitigation Demand Requirement*
>
> > a. *The trial court ruled on the prelitigation demand issue without adequate notice to the Turner parties*

The trial court's handling of the question whether the Turner parties satisfied the prelitigation demand requirement for derivative lawsuit is difficult to fathom.  As discussed, the demurrer to the second amended complaint, filed by nominal defendant Pacifica, raised only that issue.  Following brief comments from counsel for the Turner parties focusing on demand futility and Pacifica's counsel's statement he did not need to add anything to the argument in the corporation's reply memorandum, the court stated it "agree[d] with the plaintiffs' side that paragraph 12 fully put the defendants on notice."[9]  The court then addressed deficiencies it perceived in the second amended complaint that were not discussed in the papers and

---

[9]     It appears from the reporter's transcript that the court had not provided a tentative ruling to the parties.

15

invited the Turner parties to attempt to cure those deficiencies through amendment. The court thereafter sustained the demurrer with leave to amend, but did not explain what it meant. Was it sustaining Pacifica's demurrer, which properly raised only the adequacy of the prelitigation demand?[10] Or the phantom demurrer never filed by Aaron and Steinberg that the court apparently believed should have been filed?

The parties obviously believed it was the latter. The Turner parties' third amended complaint did not modify the allegations in paragraph 12, which the court had already stated gave the requisite notice. Neither Aaron and Steinberg's meet-and-confer letter following the filing of the third amended complaint nor the demurrer they subsequently filed challenged the adequacy of the Turner parties' prelitigation demand. For its part, Pacifica, while preserving the issue by pleading affirmative defenses, answered the third amended complaint, rather than again demurring, even though the language relating to the demand and demand futility remained the same. Nonetheless, in their reply memorandum Aaron and Steinberg attacked paragraph 12 and argued the Turner parties had failed to comply with the prelitigation demand requirement for a derivative action filed by a member of a nonprofit corporation.[11]

---

[10] Pacifica could not assert in its demurrer the issues raised sua sponte by the court. (See *Apple Inc. v. Superior Court*, *supra*, 18 Cal.App.5th at p. 239 ["while the corporation cannot 'challenge the merits of a derivative claim filed on its behalf and from which it stands to benefit,' it 'may assert defenses contesting the plaintiff's right or decision to bring suit, such as asserting the shareholder plaintiff's lack of standing'"].)

[11] In their respondents' brief Aaron and Steinberg state, "Appellants raised the pre-litigation notification requirements of

At the hearing on the demurrer to the third amended complaint, when the court raised the issue, counsel for the Turner parties explained the court had previously ruled the notice given Pacifica was legally sufficient. As the parties recite in their agreed statement, "Nothing further was said during the hearing regarding the notice issue." Yet in its ruling on the demurrer, the court first said it had sustained the demurrer to the second amended complaint on that ground—when it certainly appears it did not—and then said the issue was being revisited by the current demurrer—even though the issue was not included in the demurrer and was only raised for the first time in the reply memorandum. Thereafter, notwithstanding its assessment on April 20, 2021 that Pacifica's challenge to the adequacy of the allegations of demand and demand futility in paragraph 12 was "easily disposed of," on July 30, 2021, addressing the identical allegations, the court ruled those allegations were insufficient and denied the Turner parties any opportunity to amend the pleading. The Turner parties' objection to the fairness of this process is well-taken.

  b. *The issue of the adequacy of the prelitigation demand has not been forfeited*

Notwithstanding our serious concern about Aaron and Steinberg's failure to properly identify the adequacy of the

Corp. Code § 7710 in their opposition to the demurrer [AA 349], thereby requiring defendants to address it on reply." While the Turner parties in their opposition to the demurrer did on the page cited refer, in general, to member derivative actions under Corporations Code section 7710, nowhere on that page—or anywhere else in the opposition papers—did they discuss the prelitigation demand requirement.

17

prelitigation demand in their demurrer to the third amended complaint and the trial court's reversal of its determination that the requirement had been satisfied without adequate notice to the Turner parties, Aaron and Steinberg have not forfeited the issue, as the Turner parties contend.  Adequately alleging a prelitigation demand or that such a demand would be futile is a required element of a derivative plaintiff's standing to file suit on behalf of the corporation.  (*Apple Inc. v. Superior Court*, *supra*, 18 Cal.App.5th at p. 248; *Bader v. Anderson*, *supra*, 179 Cal.App.4th at p. 793.)  "[C]ontentions based on a lack of standing involve jurisdictional challenges and may be raised at any time in the proceedings."  (*Zolly v. City of Oakland* (2022) 13 Cal.5th 780, 789 [internal quotation marks omitted]; accord, *Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 438.)  Accordingly, a lack of standing may be claimed for the first time on appeal.  (*Wanke, Industrial, Commercial, Residential, Inc. v. AV Builder Corp* (2020) 45 Cal.App.5th 466, 474; *Washington Mutual Bank v. Blechman* (2007) 157 Cal.App.4th 662, 669.)  The issue has been fully briefed and is now properly before us.

> c. *The Turner parties' allegations of prelitigation demand and demand futility are insufficient; leave to amend must be granted*

To reiterate, Corporations Code section 5710, subdivision (b)(2), requires a derivative plaintiff to allege the plaintiff's efforts to secure from the board the action the plaintiff desires or the reasons for not making such effort.[12]  The action

---

[12]    Corporations Code section 5710, subdivision (b)(1), also requires the plaintiff to allege he or she was a member of the corporation at the time of the transactions complained of.

the Turner parties seek in their derivative complaint is recovery of money damages from Aaron and Steinberg for corporate waste and breaches of fiduciary duty. Nowhere in the third amended complaint is there an allegation that the Turner parties asked the Pacifica board to attempt to obtain that relief. Recommendations by the Attorney General's charitable trust section that the board resolve various operational issues, discussions by the Turner parties with Aaron, Steinberg and the board concerning amendments to the corporation's bylaws, and efforts to mediate the ongoing disputes do not constitute a demand the board take action against Aaron and Steinberg.

However, at the hearing on the demurrer to the second amended complaint, counsel for the Turner parties advised the court he had provided a copy of that iteration of the complaint to the corporation's counsel before it was filed. Depending on the circumstances under which that occurred and any discussion that may have accompanied it, that action may satisfy the requirements of Corporations Code section 5710, subdivision (b)(2). The Turner parties are entitled to leave to amend to include this information in support of their standing as derivative plaintiffs, as well as to supplement paragraph 12 with any other material responsive to this issue. (Recall, the Turner parties have not previously had a reason to expand their prelitigation demand allegations because the trial court seemed to overrule the only prior demurrer addressed to that issue.)

As for demand futility, the Turner parties point to their allegations that Aaron, Steinberg and the entire Pacifica board

Paragraph 2 of the third amended complaint does just that, alleging that each of the Turner parties was a member of Pacifica "[a]t all times mentioned herein."

repeatedly disregarded warnings about financial and operational misconduct raised by the Attorney General's office and corporate counsel and for years failed to comply with applicable laws and regulations issued by the FCC, IRS and state regulators. Necessarily, they argue, any request for reform from plaintiffs would have been equally unavailing.

While perhaps a reasonable worldview, this analysis does not comply with the requirements for pleading demand futility as articulated in case law. When, as is generally the case here, the derivative claim stems from conduct that did not involve a decision of the board, plaintiffs are "'required to allege facts "with particularity" [citation] sufficient to "create a reasonable doubt that, as of the time the complaint is filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand."' . . . Hence, 'the court must be apprised of facts specific to each director from which it can conclude that that particular director could or could not be expected to fairly evaluate the claims of the shareholder plaintiff.'" (*Apple Inc. v. Superior Court*, *supra*, 18 Cal.App.5th at p. 253; accord, *Shields v. Singleton*, *supra*, 15 Cal.App.4th at p. 1622.)

The third amended complaint contains no factual allegations of any sort regarding nondefendant directors of Pacifica other than the board member whose spouse was involved with the PSLL loan, let alone specific facts permitting the conclusion a majority of the directors could not fairly evaluate claims that Aaron and Steinberg had breached fiduciary duties, causing significant financial injury to the corporation. In sum, the trial court correctly ruled, as pleaded, the allegations of demand futility were insufficient. Again, however, given the lack

20

of notice to the Turner parties, if good faith amendments are possible that would satisfy the requirements for establishing demand futility, they are entitled to make a final attempt to do so.

    4. *The Trial Court Improperly Sustained the Demurrer on the Ground the Directors Were Protected from Liability by the Business Judgment Rule*

"'Notwithstanding the deference to a director's business judgment, the [business judgment] rule does not immunize a director from liability in the case of his or her abdication of corporate responsibilities . . . .' [Citation.] . . . "'When courts say that they will not interfere in matters of business judgment, it is presupposed that judgment— reasonable diligence—has in fact been exercised. A director cannot close his eyes to what is going on about him in the conduct of the business of the corporation and have it said that he is exercising business judgment.'" [Citations.] [¶] Put differently, whether a director exercised reasonable diligence is one of the 'factual prerequisites' to application of the business judgment rule." (*Palm Springs Villas II Homeowners Assn., Inc. v. Parth* (2016) 248 Cal.App.4th 268, 279-280; see *Affan v. Portofino Cove Homeowners Assn.* (2010) 189 Cal.App.4th 930, 941, 943 [finding homeowners association "failed to establish the factual prerequisites for applying the rule of judicial deference" at trial, where "there was no evidence the board engaged in 'reasonable investigation' [citation] before choosing to continue its 'piecemeal' approach to sewage backups"]; *Burt v. Irvine Co.* (1965) 237 Cal.App.2d 828, 852 ["'The rule exempting officers of corporations from liability for mere mistakes and errors of judgment does not apply where the loss is the result of failure to exercise proper care, skill and diligence. "Directors are not merely bound to be honest; they

21

must also be diligent and careful in performing the duties they have undertaken.  They cannot excuse imprudence on the ground of their ignorance or inexperience, or the honesty of their intentions; and, if they commit an error of judgment through mere recklessness, or want of ordinary prudence and skill, the corporation may hold them responsible for the consequences""'].)

Because application of the business judgment rule "'raises various issues of fact,' including whether 'a director acted as an ordinarily prudent person under similar circumstances' and 'made a reasonable inquiry as indicated by the circumstances'" (*Palm Springs Villas II Homeowners Assn., Inc. v. Parth*, *supra*, 248 Cal.App.4th at p. 280), "'[s]uch questions generally should be left to a trier of fact.'"  (*Ibid*.; accord, *Gaillard v. Natomas Co.*, *supra*, 208 Cal.App.3d at p. 1267.)  However, as the trial court ruled, the business judgment rule creates a rebuttable presumption a director's decisions were made in good faith and upon the exercise of informed judgment resulting from reasonable inquiry as to facts material to determining what action is in the best interests of the corporation.  (*Lee v. Interinsurance Exchange* (1996) 50 Cal.App.4th 694, 711, 715.)  The presumption attaches only in the absence of bad faith or a conflict of interest and may be rebutted by showing the director acted without reasonable inquiry when such inquiry would otherwise be required.  (*Everest Investors 8 v. McNeil Partners*, *supra*, 114 Cal.App.4th at p. 431.)

The third amended complaint generally alleged Aaron and Steinberg knew their conduct was unlawful and failed to use reasonable business judgment when undertaking various actions causing harm to Pacifica, including preventing the timely completion of annual audits necessary to qualify for federal

grants and interfering with professional staff's ability to comply with FCC and IRS requirements, risking loss of Pacifica's tax-exempt status. In addition, the Turner parties specifically alleged Aaron improperly acted as a director in approving the $500,000 loan from PSLL to Pacifica in March 2018 notwithstanding a disqualifying conflict of interest—a conflict highlighted in a warning letter from Pacifica's corporate counsel attached as an exhibit to the pleading. They further alleged that Aaron and Steinberg in 2021 refused to allow the national board of directors to consider a proposal to purchase the broadcast license of New York City station WBAI-FM, which would have ameliorated the corporation's dire financial situation, not because they believed in good faith the sale was not in the corporation's best interests but based on their personal ideological beliefs. Also alleged was Aaron and Steinberg's unlawful use of corporate funds to pay their attorney fees in defense of the Turner parties' lawsuit.

Although the general allegations that Aaron and Steinberg acted without reasonable care to protect the interests of the corporation, without more, might be insufficient to rebut the presumption of good faith, at the pleading stage the Turner parties' additional, specific allegations of bad faith in connection with the PSLL loan, the proposed sale of the WBAI-FM license and use of corporate funds to pay their own attorney fees adequately pleaded conduct outside the protection of the business judgment rule and were sufficient to survive demurrer. (See *Everest Investors 8 v. McNeil Partners*, *supra,* 114 Cal.App.4th at p. 430 ["[t]he business judgment rule does not shield actions taken without reasonable inquiry, with improper motives, or as a result of a conflict of interest"]; *Lee v. Interinsurance Exchange*,

*supra*, 50 Cal.App.4th at p. 715 [presumption created by the business judgment rule can be rebutted by affirmative allegations of facts that, if proved, "would establish fraud, bad faith, overreaching or an unreasonable failure to investigate material facts"].)[13]  The trial court erred in sustaining the demurrer on this ground.

## DISPOSITION

The order of dismissal is reversed and the cause remanded with instruction to the trial court to vacate its order sustaining Aaron and Steinberg's demurrer without leave to amend and to enter a new order sustaining the demurrer with leave to amend. The Turner parties are to recover their costs on appeal.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

---

[13]    These allegations of misconduct were also sufficiently specific to defeat Aaron and Steinberg's arguments, not addressed by the trial court when sustaining the demurrer, that the pleading was uncertain, failed to state facts sufficient to constitute a cause of action and did not identify any wrongful conduct that occurred within three years of the filing of the complaint (on December 8, 2020).

24